UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEVIN G. NUNES,

    Plaintiff,

v.

WP COMPANY LLC, d/b/a THE
WASHINGTON POST and ELLEN
NAKASHIMA,

    Defendants.

Case No. 1:21-cv-00506 (CJN)

## ANSWER

Defendants WP Company, LLC, d/b/a The Washington Post (the "Post") and Ellen Nakashima, by and through their undersigned counsel, hereby submit this Answer to Plaintiff's Amended Complaint. Any allegation of the Amended Complaint not expressly admitted herein is hereby denied. Defendants reserve all rights to amend the Answer and affirmative defenses, as necessary.

1. Defendants deny the allegations in Paragraph 1, except to admit that Plaintiff is a United States Congressman and Ranking Member of the House Intelligence Committee; that on November 9, 2020, the Post published an online article entitled "White House official and former GOP political operative Michael Ellis named as NSA general counsel" (the "Article"), which speaks for itself; and that the Article inaccurately attributed claims that the Obama administration spied on Trump Tower to Plaintiff, rather than to President Trump.

2. Defendants deny the allegations in Paragraph 2, except to admit that the quoted language, with the exception of the ellipses alterations, appeared in the online Article published on November 9, 2020, which Article speaks for itself.

3. Defendants deny the allegations in Paragraph 3, except to admit that Ms. Nakashima and the Post shared a link to the online Article via Twitter, which tweets speak for themselves. The current number of followers for Ms. Nakashima and the Post's Twitter accounts is publicly available.

4. Defendants deny the allegations in Paragraph 4, except to admit that some Post employees and other third parties shared a link to the online Article in tweets and online posts, which tweets and blog posts speak for themselves.

5. Defendants deny the allegations in Paragraph 5, except to admit that the quoted language appears in the linked tweets, which speak for themselves. The remaining allegations in Paragraph 5 state legal conclusions to which no response is required, and they are denied on that basis.

6. Defendants admit that they received a letter from Plaintiff dated November 17, 2020 requesting a correction and/or retraction of the statements identified in Paragraph 2. The remaining allegations in Paragraph 6 state legal conclusions to which no response is required, and they are denied on that basis.

7. Defendants deny the allegations in Paragraph 7, except to admit that the Post published the quoted corrections and change to the online Article, which speak for themselves. The Post admits that it is has not fully retracted the Article or published a correction on Twitter.

8. Defendants deny the allegations in Paragraph 8, except to admit that the Amended Complaint purports to seek presumed damages, actual damages, special damages, and punitive damages, as well as a permanent injunction.

9. Defendants admit the allegations in the first two sentences of Paragraph 9. Defendants admit that Plaintiff is a member of the House Intelligence Committee. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and on that basis deny them.

10. Defendants admit the allegations in the first, second and fourth sentences of Paragraph 10. Defendants admit that the Post publishes the print edition of the Post in Springfield, Virginia, and that it has the largest print circulation of any daily newspaper in the D.C. metropolitan area. The current number of followers for the Post's various social media accounts is publicly available. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation regarding "Virginia source customers," because the term is ambiguous, and on that basis deny it. Defendants otherwise deny the allegations in the eighth sentence of Paragraph 10, except to admit that the Post is registered to transact business in Virginia; that it maintains a registered agent in Glen Allen; and that it targets Virginians with advertisements in certain of its publications. The remaining allegations in Paragraph 10 state legal conclusions to which no response is required, and they are denied on that basis.

11. Defendants admit the allegations in the first two sentences of Paragraph 11, that Ms. Nakashima regularly reports on matters of public concern, and that she occasionally travels to Virginia.

12. The allegations in Paragraph 12 state legal conclusions to which no response is required, and they are denied on that basis.

13. The allegations in Paragraph 13 state legal conclusions to which no response is required, and they are denied on that basis.

14. The allegations in Paragraph 14 state legal conclusions to which no response is

required, and they are denied on that basis.

15. Defendants repeat and incorporate by reference the responses to Paragraphs 1 through 14 above.

16. Defendants deny the allegations in Paragraph 16.

17. Defendants deny the allegations in Paragraph 17 as follows.

   a. Defendants deny the allegations in Paragraph 17(a) on the basis that they mischaracterize the Article, which speaks for itself, and which did not state that Plaintiff acted with a "nefarious purpose." The allegations in Paragraph 17(a) are otherwise denied.

   b. Defendants deny the allegations in Paragraph 17(b), except to admit that the Article inaccurately attributed claims that the Obama administration spied on Trump Tower to Plaintiff, rather than to President Trump.

   c. Defendants deny the allegations in Paragraph 17(c), except to admit that Plaintiff made the quoted statements in Footnote 1 denying that there was a physical wiretap on Trump Tower, which statements speak for themselves.

   d. Defendants deny the allegations in Paragraph 17(d), except to admit that Plaintiff has stated that an incident known as the "midnight run" took place during daylight hours.

   e. Defendants admit that other news reports, including the article cited in Footnote 2, which article speaks for itself, did not contain the specific quoted language (i.e., "buttress his baseless claims of the Obama administration's spying on Trump Tower"). The article cited in Footnote 2 did state that certain individuals believed that Plaintiff was given access to intelligence files "to bolster Mr. Trump's debunked claims of having been wiretapped."

18. Defendants admit that the Article inaccurately attributed claims that the Obama

administration spied on Trump Tower to Plaintiff, rather than to President Trump, and otherwise deny the factual allegations in Paragraph 18. The remaining allegations in Paragraph 18 state legal conclusions to which no response is required, and they are denied on that basis.

19. Defendants deny the allegations in Paragraph 19.

20. Defendants deny the allegations in Paragraph 20.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 21, and they are denied on that basis. The remaining allegations in Paragraph 21 state legal conclusions to which no response is required, and they are denied on that basis.

22. Defendants deny the allegations in Paragraph 22.

    a. Defendants deny the factual allegations in Paragraph 22(a), except to admit that the quoted language appears in the cited documents and interview, which speak for themselves; and that Plaintiff has stated that an incident known as the "midnight run" took place during daylight hours. The remaining allegations in Paragraph 22(a) state legal conclusions to which no response is required, and they are denied on that basis.

    b. Defendants deny the allegations in Paragraph 22(b).

    c. Defendants deny the allegations in Paragraph 22(c).

    d. Defendants deny the allegations in Paragraph 22(d).

    e. Defendants deny the allegations in Paragraph 22(e).

    f. Defendants deny the factual allegations in Paragraph 22(f), except to admit that the quoted language appears in the cited article, which speaks for itself. The remaining allegations in Paragraph 22(f) state legal conclusions to which no response is required, and they are denied on that basis.

  g.  Defendants deny the factual allegations in Paragraph 22(g), except to admit that the quoted language appears in the cited article, which speaks for itself; and that Plaintiff filed a separate lawsuit against the Post in February 2020, which was dismissed. The remaining allegations in Paragraph 22(g) state legal conclusions to which no response is required, and they are denied on that basis.

23.  Defendants deny the allegations in Paragraph 23.

24.  The negligence claim has been dismissed and no response is required.

25.  The negligence claim has been dismissed and no response is required.

26.  The negligence claim has been dismissed and no response is required.

27.  The negligence claim has been dismissed and no response is required.

28.  The negligence claim has been dismissed and no response is required.

29.  Defendants repeat and incorporate by reference the responses to Paragraphs 1 through 28 above.

30.  Defendants deny the allegations in Paragraph 30.

31.  Defendants deny the allegations in Paragraph 31.

32.  Defendants deny the allegations in Paragraph 32.

33.  Defendants deny the allegations in Paragraph 33.

34.  Defendants deny the allegations in Paragraph 34.

Defendants deny each and every allegation of the paragraphs following the title "Conclusion and Request for Relief," that is, subparagraphs (A)-(G), and deny that Plaintiff is entitled to any relief whatsoever.

## **DEFENSES**

Without assuming any burden of proof that they would not otherwise bear, Defendants assert the following defenses, all of which are pleaded in the alternative:

1. The Amended Complaint fails to state a claim on which relief can be granted.

2. Some or all of the challenged statements are not defamatory or defamatory *per se*.

3. Some or all of the challenged statements are not reasonably capable of bearing the meanings alleged.

4. Defendants did not intend to convey the implications alleged.

5. Some or all of the challenged statements are substantially true.

6. Plaintiff is a public official, and Defendants did not publish some or all of the challenged statements with actual malice.

7. Some or all of the challenged statements are matters of opinion that are not capable of being proven true or false.

8. Some or all of the challenged statements are protected by and privileged under the First and Fourteenth Amendments to the Constitution of the United States.

9. Some or all of the challenged statements are protected by and privileged under the California Constitution, the Virginia Constitution, and/or any other applicable state constitutions.

10. Plaintiff's remedies are limited by any applicable retraction statute, including California's, Cal. Civ. Code § 48a.  Defendants published legally sufficient corrections to some or all of the challenged statements, so under the California retraction statute, Plaintiff's recovery is limited to special damages.

11. Plaintiff did not suffer special damages as a result of the challenged statements of which he complains, so his claims are barred.

12. Defendants are protected by any applicable state law immunity, including Va. Code Ann. § 8.01-223.2. The Court should award "reasonable attorney fees and costs" pursuant to Va. Code Ann. § 8.01-223.2.

13. Plaintiff did not suffer damages as a result of the challenged statements of which he complains.

14. To the extent Plaintiff has been harmed, that harm was caused by individuals or entities other than Defendants or an individual or entity within Defendants' control.

15. To the extent Plaintiff has been harmed, his claim for damages is barred by the doctrine of assumption of risk.

16. To the extent Plaintiff has been harmed, he has failed to mitigate his damages.

17. To the extent Plaintiff has been harmed, any damages Plaintiff suffered were the result of an intervening or superseding cause.

18. To the extent Plaintiff has been harmed, there has been no incremental harm caused by the allegedly defamatory statements.

19. Plaintiff's claimed damages are vague, uncertain, and/or speculative.

20. Plaintiff cannot prove facts sufficient to warrant an award of punitive damages.

21. Plaintiff's claim for punitive damages is barred by the First and Fourteenth Amendments to the Constitution of the United States, as well as barred or limited by applicable state law, including Va. Code Ann. § 8.01-38.1.

22. Plaintiff's claim for an injunction is barred by the First and Fourteenth

Amendments to the Constitution of the United States.

23. Plaintiff's claim for an injunction is barred by the California Constitution, the Virginia Constitution, and/or any other applicable state constitutions.

24. Defendants presently have insufficient knowledge or information upon which to form a belief as to whether there may be other, as yet unstated, defenses available to them, and therefore expressly: (a) reserve the right to amend or supplement its Answer, defenses, and all other pleadings; and (b) reserve the right to assert any and all additional defenses under any applicable law in the event that discovery indicates such defenses would be appropriate.

Defendants hereby demand a jury trial on all issues so triable.

Dated: September 8, 2021     Respectfully submitted,

*/s/ Thomas G. Hentoff*
Kevin T. Baine (D.C. Bar No. 238600)
Thomas G. Hentoff (D.C. Bar No. 438394)
Nicholas G. Gamse (D.C. Bar No. 1018297)
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
thentoff@wc.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2021, I electronically filed the foregoing Answer with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to registered CM/ECF participants.

*/s/ Nicholas G. Gamse*
*Counsel for Defendants*
