## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEVIN G. NUNES,<br><br>        Plaintiff,<br><br>v.<br><br>WP COMPANY LLC, d/b/a THE WASHINGTON POST and ELLEN NAKASHIMA,<br><br>        Defendants. | Case No. 1:21-cv-00506 (CJN) |

## JOINT REPORT OF LOCAL RULE 16.3 CONFERENCE

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.3(a), counsel for plaintiff and defendants submit this Joint Report of Local Rule 16.3 Conference and proposed Scheduling Order.  Counsel for the parties conferred on and after September 20, 2021, and report as follows:

1.  <u>Dispositive Motions</u>:  There are no dispositive motions pending. The parties will file any such motions if necessary.  Defendants anticipate that they will file a summary judgment motion.  Plaintiff will oppose any such motion.

2.  <u>Joinder of Parties and Amending Pleadings</u>:  The parties agree that any amendment to the pleadings or joinder of additional parties shall take place on or before **October 29, 2021**.

3.  <u>Assignment to Magistrate Judge</u>:  The parties agree that this case should not be assigned to a magistrate for all purposes.

4.  <u>Settlement Possibility</u>:  The parties do not anticipate that a prompt settlement or resolution is likely in this case.

5.      Alternate Dispute Procedures:  The parties agree that ADR would not be productive at this time.  However, the parties agree to revisit the possibility of ADR at an appropriate time.

6.      Timing of Dispositive Motions:  The parties agree that summary judgment motions shall be filed by **August 5, 2022**, with oppositions due by **September 2, 2022**, and replies due by **September 30, 2022**.

7.      Initial Disclosures:  The parties do not propose any changes to the scope or form of the initial disclosures required under Federal Rule of Civil Procedure 26(a)(1).  The parties do, however, propose and stipulate to exchange initial disclosures **two weeks after the entry of the scheduling order in this case**.

8.      Discovery:  The parties propose conducting discovery in accordance with the default procedures and limitations contained in the Federal Rules of Civil Procedure.  The parties anticipate that the case will require a protective order.  The parties will work together to submit a proposed protective order for the Court's consideration.  The parties propose that the close of fact discovery take place on **April 1, 2022** and the close of expert discovery take place on **July 8, 2022**.

9.      Electronically Stored Information:  With regard to electronic discovery in this case, the parties will confer further about production specifications when the parties serve document requests.

10.     Privilege:  The parties anticipate that there may be disputes about privilege in the case. The parties anticipate that they will confer regarding a procedure for challenging those designations, and for a clawback agreement, in connection with the proposed protective order.

11. <u>Experts</u>:  The parties do not wish to modify the requirements for exchanging expert witness reports or information under Federal Rule of Civil Procedure 26(a)(2). Furthermore, the parties have agreed to permit expert depositions in this matter.

12. <u>Class Actions Procedures</u>:  Not applicable.

13. <u>Bifurcation of Discovery or Trial</u>:  The parties agree that the litigation should not be bifurcated.

14. <u>Pretrial Conference</u>:

   a. Plaintiff's Position:  The Court should schedule the final pretrial conference and trial now.  There is no reason for delay.  This case involves a multitude of disputed facts and issues that make it peculiarly ill-suited for resolution on summary judgment. *See Bartolo v. Whole Foods Market Group, Inc.*, 412 F.Supp.3d 35, 49 (D.D.C. 2019) ("If Defendant's stated reasons for firing Plaintiff were pretextual, and Plaintiff in fact was fired for urging others to report gainsharing manipulation, a jury could conclude that Allshouse's explanation for Plaintiff's termination was false and that it was made in bad faith.  After all, if a jury were to find that Allshouse caused Plaintiff to be fired for a retaliatory purpose, it likewise could find that Allshouse defamed Plaintiff by giving Plaintiff's former colleagues a knowingly false reason for his termination.  The court therefore denies summary judgment as to Plaintiff's defamation claim."); *Houlahan v. Freeman Wall Aiello*, 15 F.Supp.3d 77, 87 (D.D.C. 2014) ("Based on the record evidence to which Plaintiff directs the Court's attention to support his claim that Defendant Wall acted with reckless disregard for the truth of the statements he made about Plaintiff, the Court finds that Defendant Wall has not

met his burden, at this stage of the litigation, to 'show[] ... that there is an absence of evidence to support the element of actual malice in the plaintiff's [defamation] case.'") (citation omitted); *see Competitive Enterprise Institute v. Mann*, 150 A.3d 1213, 1243 (2016) ("A jury could find that the article accuses Dr. Mann of engaging in specific acts of academic and scientific misconduct in the manipulation of data, and thus conveys a defamatory meaning, because 'to constitute a libel it is enough that the defamatory utterance imputes any misconduct whatever in the conduct of [plaintiff's] calling.'") (citation omitted)).

b. Defendants' Position: The Court should schedule the pretrial conference and trial, if necessary, after resolving summary judgment. Defendants believe the case is particularly well-suited for resolution on summary judgment, and expect to make a substantive motion. *See, e.g., Kahl v. Bureau of Nat'l Affs., Inc.*, 856 F.3d 106, 109 (D.C. Cir. 2017) (reversing the denial of summary judgment, emphasizing that "the Supreme Court has directed courts to expeditiously weed out unmeritorious defamation suits"); *see also Washington Post Co. v. Keogh*, 365 F.2d 965, 968 (D.C. Cir. 1966) (emphasizing that "summary procedures are . . . essential" in defamation litigation). The Court acknowledged in its recent opinion that this was a "close" case at the 12(b)(6) stage. Op. 1, 12, ECF No. 41. And at summary judgment, Plaintiff will have to overcome a "daunting" summary judgment burden, including by presenting "clear and convincing evidence of actual malice." *Kahl*, 856 F.3d 106 at 116. In order to minimize trial preparation burden on the Defendants, and to avoid needlessly consuming trial dates on the Court's calendar, the Court should wait to schedule the pretrial conference and

4

trial until after resolving summary judgment. *Id.* at 109 (cautioning against the risks of "costly and time-consuming defamation litigation").

15. <u>Trial Date</u>:

   a. Plaintiff's Position: See above. Plaintiff opposes any delay in scheduling trial. If the Court waits for over a year to schedule the trial date, a trial is not likely to occur until 2023. This delayed justice substantially increases the likelihood of prejudice to Plaintiff.

   b. Defendants' Position: See above.

16. <u>Other Matters</u>:

   a. Email service: The parties have agreed to accept e-mail service on all counsel of record in lieu of personal service on the parties.

   b. Custody and control over congressional and campaign documents and staff: During the conference, Defendants asked Plaintiff to confirm that in responding to Defendants' discovery requests, he would collect and produce documents or information from his congressional and campaign offices and staffers (such as Jack Langer), because he has actual or constructive possession, custody or control over such documents and information. Defendants noted that this issue could have an effect on the complexity of third-party discovery and the case schedule. Plaintiff confirms that in response to party discovery he will produce any documents or information that may be in the possession or control of his congressional staff, including Mr. Langer, without the need for third-party discovery.

* * * * *

Finally, the parties attach a proposed Scheduling Order that reflects the dates outlined in this Report.

Dated: October 1, 2021             Respectfully submitted,

*/s/ Thomas G. Hentoff*
Kevin T. Baine (D.C. Bar No. 238600)
Thomas G. Hentoff (D.C. Bar No. 438394)
Nicholas G. Gamse (D.C. Bar No. 1018297)
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
thentoff@wc.com

*Counsel for Defendants*


*/s/ Steven S. Biss*
Richard S. Basile (D.C. Bar No. 374069)
6305 Ivy Lane, Suite 416
Greenbelt, MD 20770
Telephone: (301) 441-4900
Facsimile: (301) 441-2404
rearsb@gmail.com

Steven S. Biss (admitted *pro hac vice*)
300 West Main Street, Suite 102
Charlottesville, VA 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
stevenbiss@earthlink.net

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2021, I electronically filed the foregoing Joint Report of Local Rule 16.3 Conference with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to registered CM/ECF participants.

*/s/ Thomas G. Hentoff*
*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEVIN G. NUNES,<br><br>        Plaintiff,<br><br>v.<br><br>WP COMPANY LLC, d/b/a THE WASHINGTON POST and ELLEN NAKASHIMA,<br><br>        Defendants. | Case No. 1:21-cv-00506 (CJN) |

## [PROPOSED] SCHEDULING ORDER

After review of the Parties' Joint Report of Local Rule 16.3 Conference, it is hereby

**ORDERED** that the parties shall comply with the following case deadlines:

| **Event** | **Date/Deadline** |
|---|---|
| Rule 26 Report Due | Friday, October 1, 2021 |
| Initial Disclosures; Parties May Serve Discovery Requests | Friday, October 15, 2021 (or two weeks after scheduling order) |
| Motions to Amend / Join New Parties | Friday, October 29, 2021 |
| End of Fact Discovery | Friday, April 1, 2022 |
| Plaintiff's Expert Disclosures | Friday, April 15, 2022 |
| Defendants' Expert Disclosures | Friday, May 13, 2022 |
| Plaintiff's Rebuttal Expert Disclosures | Friday, June 10, 2022 |
| Completion of Discovery | Friday, July 8, 2022 |
| Summary Judgment Motions | Friday, August 5, 2022 |
| Summary Judgment Oppositions | Friday, September 2, 2022 |
| Summary Judgment Replies | Friday, September 30, 2022 |
| Pre-Trial Conference | To Be Determined |
| Trial Ready Date | To Be Determined |

**SO ORDERED.**

Entered: _____          _____
                                                                    Hon. Carl J. Nichols
                                                                    United States District Judge

**COPIES TO:**

Kevin T. Baine
Thomas G. Hentoff
Nicholas G. Gamse
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
thentoff@wc.com

Richard S. Basile
6305 Ivy Lane, Suite 416
Greenbelt, MD 20770
Telephone: (301) 441-4900
Facsimile: (301) 441-2404
rearsb@gmail.com

Steven S. Biss
300 West Main Street, Suite 102
Charlottesville, VA 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
stevenbiss@earthlink.net