IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEVIN G. NUNES )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>)<br>WP COMPANY, LLC )<br>d/b/a The Washington Post )<br>    *et al* )<br>)<br>    Defendants. )<br>) | Case No. 1:21-cv-00506-CJN |

# **MOTION TO SUPPLEMENT AMENDED COMPLAINT**

Plaintiff, Devin G. Nunes ("Plaintiff" or "Nunes"), by counsel, pursuant to Rule 15(d) of the Federal Rules of Civil Procedure (the "Rules") and Local Civil Rule ("LCvR") 7(a), files this Motion to Supplement Amended Complaint against Defendants, WP Company, LLC d/b/a The Washington Post ("WaPo") and Ellen Nakashima ("Nakashima").

**Statement of Facts**

1. This is an action for defamation. On February 4, 2021, Plaintiff filed an amended complaint. In his amended complaint, Plaintiff alleges that the Defendants published the following false facts:

- "In March 2017, … Nunes … was given access at the White House to intelligence files that Nunes believed would buttress his baseless claims of the Obama administration spying on Trump Tower";

1

- "In March 2017, … Nunes … was given access at the White House to intelligence files that Nunes believed would buttress Trump's baseless claims of the Obama administration spying on Trump Tower."

[*ECF No. 22* ("Am. Compl."), ¶¶ *2, 7*].  Defendants moved for dismissal pursuant to Rule 12(b)(6).

2.     On August 11, 2021, the Court denied Defendants' motion to dismiss Plaintiff's defamation claim. [*ECF No. 40*].  In an accompanying Memorandum Opinion [*ECF No. 41*], the Court found that Plaintiff stated a claim of defamation and alleged that Defendants published the false and defamatory statements with actual malice.  In pertinent part, the Court found as follows:

> "A reasonable juror could conclude that there is a material difference between stating that Nunes had made a claim supported by evidence (that the Obama administration had undertaken intelligence activities related to individuals involved in the Trump campaign) and stating that Nunes had made a baseless claim (that the Obama administration had wiretapped Trump Tower).  A reasonable juror could therefore conclude that the article was materially false because it stated that Nunes had made such a baseless claim (when he had not)."

> "Taken as a whole, the article says (or at least a reasonable juror could understand the article to say) that Nunes had made baseless claims about spying on Trump Tower and then visited the White House to inspect documents that might support those baseless claims.  And a reasonable juror could conclude that an elected official is ridiculous or unfit for office if he searched for evidence to support baseless claims.  Indeed, the online article stated that Nunes had searched for this evidence 'late at night,' suggesting something untoward about the outing."

> "Even if it would not have been defamatory to say that Nunes went to the White House in search of evidence for his own claims (in part because he did end up uncovering some evidence for the claims he *was* making, Defs.' Mot. at 21), 'baseless' is the type of word that transforms the 'gist' of the article by insinuating that Nunes is the type of official who would spend his time searching for evidence to support claims with no foundation in fact." (Emphasis in original).

"In the article at issue here, the Post reported that Nunes made that baseless claim himself.  A newspaper's *own* prior (and correct) reporting that is inconsistent with its later (and incorrect) reporting could certainly give the paper reason to seriously doubt the truth of its later publication—just as a source's pre-publication recantation may be evidence that a publisher had reason to doubt the source's original claims." (Emphasis in original).

"And although the Post's retraction did note that 'Nunes has stated that he did not believe there had been any wiretapping of Trump Tower,' it also added that "*Nunes believed [intelligence files] would buttress Trump's baseless claims*"— which a reasonable juror could conclude meant that Nunes did believe the baseless claims." (Emphasis in original).

[*ECF No. 41*].

3.  On December 6, 2021, Plaintiff announced his decision to resign from Congress and accept a position in the private sector as Chief Executive Officer of the Trump Media & Technology Group ("TMTG").

[https://www.washingtonpost.com/politics/2021/12/06/rep-devin-nunes-leave-congress-become-trump-media-company-ceo/].

4.  Within 24 hours of the announcement, WaPo retaliated against Plaintiff.

5.  On December 7, 2021 – in spite of Plaintiff's contentions in this lawsuit[1] and in spite of the Court's denial of Defendants' motion to dismiss Plaintiff's defamation claim – WaPo republished the false and defamatory statements at issue in this action in

---

[1] *Am. Compl.,* ¶ 7 (Plaintiff never "never took any action to support or buttress any claim by the President of spying on Trump Tower."); ¶ 17(a-b) (Plaintiff "never sought access to any 'intelligence files' at the White House for the nefarious purpose of spreading 'baseless claims' about the Obama administration or aiding in any such disinformation" and Plaintiff "never 'believed' that any intelligence files would buttress a claim Plaintiff or President Trump made that the Obama administration was spying on Trump Tower.  Defendants falsely attributed to Plaintiff a belief he never had and an inclination to misuse classified intelligence that Plaintiff never had and never exhibited."); ¶ 22(a) (Plaintiff's "visit [to the White House] was part of the House Intelligence Committee's ongoing oversight investigation into concerns that Americans' identities were not protected (masked) properly in intelligence reports or were unmasked improperly.").*

the print edition of its newspaper, online, and to 18,500,000+ social media followers. In an article written by Phillip Bump entitled, "***Devin Nunes chose Trump-branded truth as a career five years ago***", WaPo stated:

> "The reality, of course, is that Nunes has been working primarily on behalf of Trump-branded truth since the earliest days of Trump's presidency. Two months after Trump was inaugurated, Nunes was riding in an Uber with a staffer when he got a message on his phone. Suddenly, he stopped the car and got out without explanation. **He had been summoned to the White House complex, it turned out, where staffers presented him with evidence meant to bolster a wild claim made by the president. That claim was that federal authorities had tapped the phones at Trump Tower during the campaign** … It wasn't true, as was made clear both immediately and continuously."

(Emphasis added); https://www.washingtonpost.com/politics/2021/12/07/devin-nunes-trump-career/; https://twitter.com/washingtonpost/status/1468258507854123008; https://twitter.com/pbump/status/1468431139991924737. A copy of the WaPo article is attached as *Exhibit "A"*.[2]

---

[2] In March 2017, Bump wrote and tweeted extensively about Plaintiff's visit to the White House complex on March 21, 2017. Bump never claimed that the purpose of the visit was to "bolster a wild claim made by the president" of wiretapping Trump Tower. [*See, e.g.,* https://www.washingtonpost.com/news/politics/wp/2017/03/29/the-nunes-white-house-question-assessed-minute-by-minute/]. Rather WaPo invented this story in December 2020 and republished it in December 2021 as an alternate reality after Plaintiff pointed out the falsehoods in the November 9, 2020 Article and demanded retraction. In truth, as WaPo knew full well in March 2017, Plaintiff's concern about the abuse of unmasking procedures stemmed from his shock at multiple criminal leaks of highly classified information from the U.S. Intelligence Community, many of which criminal leaks were published by the *Washington Post* itself. As Chairman of the House Permanent Select Committee on Intelligence, Plaintiff's biggest concern, as he publicly and repeatedly stated, was the leaks related to General Michael Flynn's phone calls with Russian Ambassador Sergei Kislyak, which was extremely sensitive, highly classified information. It was clear to Plaintiff that these leaks originated with the unmasking of General Flynn's name in classified intelligence intercepts, followed by the criminal leaking of related information to the *Washington Post*. Plaintiff's visit to the White House complex on March 21, 2017 was part of his longstanding inquiry into these unmaskings and criminal leaks. It had nothing to do with any "baseless" claims of spying on Trump Tower by President Trump.

**Specific Points of Law and Authority**

6. "Republication of a statement after the defendant has been notified that the plaintiff contends that it is false and defamatory may be treated as evidence of reckless disregard." *Nunes v. Lizza*, 12 F.4th 890, 901 (8th Cir. 2021) (quoting Restatement (Second) of Torts § 580A cmt. d (Am. L. Inst. 1977)); *see id. Castellani v. Scranton Times, L.P.*, 633 Pa. 230, 124 A.3d 1229, 1235 (2015) (same) (citing and quoting *Weaver v. Lancaster Newspapers, Inc.*, 592 Pa. 458, 926 A.2d 899, 905-906 (2007)); *see id. Hand v. Hughey*, 2016 WL 1470188, at * 6 (Tex. App. 2016); *Holbrook v. Casazza*, 204 Conn. 336, 528 A.2d 774, 780-781 (1987).

7. Rule 15(d) of the Federal Rules of Civil Procedure provides that on motion and reasonable notice, "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Supplemental complaints are used "to set forth new facts that update the original pleading or provide the basis for additional relief; to put forward new claims or defenses based on events that took place after the original complaint or answer was filed; [and] to include new parties where subsequent events have made it necessary to do so." *Public Employees for Environmental Responsibility v. National Park Service*, 2021 WL 1198047, at * 4 (D. D.C. 2021) (citations and quotations omitted). By allowing this flexibility, Rule 15(d) operates "to make pleadings a means to achieve an orderly and fair administration of justice." *Id.*

8. The decision whether to grant leave to amend or supplement a complaint is within the discretion of the District Court, but leave "should be freely given unless there is a good reason, such as futility, to the contrary." *Wildearth Guardians v.*

*Kempthorne*, 592 F.Supp.2d 18, 23 (D. D.C. 2008) (quoting *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996)).

9. The false statements in WaPo's December 7, 2021 attack on Plaintiff were published with reckless disregard for the truth. Plaintiff did not go to the White House complex on March 21, 2017 as part of an effort to promote "Trump-branded truth". Plaintiff was not "summoned to the White House complex" by anyone. He was not "riding in an Uber" with anyone. "[S]taffers" did not "present[] him with evidence meant to bolster a wild claim made by the president" "that federal authorities had tapped the phones at Trump Tower during the campaign." **None of the WaPo's statements is true. They are all false. Importantly, they are denied in the amended complaint. As was the case in *Nunes v. Lizza*, republication of these false statements by WaPo is evidence of WaPo's reckless disregard**.

10. Plaintiff requests leave to supplement his amended complaint in light of WaPo's decision to republish the false and defamatory statements during the pendency of this action. A copy of Plaintiff's proposed First Supplement to Amended Complaint is attached as *Exhibit "B"*.

11. A proposed Order is attached as *Exhibit "C"*.

## LCvR 7(m) Certification

Counsel for Plaintiff discussed this motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement. This motion is opposed.

DATED:    December 9, 2021

DEVIN G. NUNES


By:   */s/ Steven S. Biss*
      Steven S. Biss (VSB # 32972)
      300 West Main Street, Suite 102
      Charlottesville, Virginia 22903
      Telephone: (804) 501-8272
      Facsimile: (202) 318-4098
      Email: stevenbiss@earthlink.net
      (*Admitted Pro Hac Vice*)

      Richard S. Basile
      (D.C. Bar No. 374069)
      6305 Ivy Lane, Suite 416
      Greenbelt, MD 20770
      Telephone: 301-441-4900
      Facsimile: 301-441-2404
      Email: rearsb@gmail.com

      *Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2021 a copy of the foregoing was served electronically in PDF upon counsel for the Defendants.

By: */s/ Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
Email: stevenbiss@earthlink.net
(*Admitted Pro Hac Vice*)

Richard S. Basile
(D.C. Bar No. 374069)
6305 Ivy Lane, Suite 416
Greenbelt, MD 20770
Telephone: 301-441-4900
Facsimile: 301-441-2404
Email: rearsb@gmail.com

*Counsel for the Plaintiff*