## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DEVIN G. NUNES,

        Plaintiff,

v.

WP COMPANY LLC, d/b/a THE
WASHINGTON POST and ELLEN
NAKASHIMA,

        Defendants.

Case No. 1:21-cv-00506 (CJN)

### [PROPOSED] STIPULATED PROTECTIVE ORDER

The Parties in the above-captioned action, by and through their counsel, hereby stipulate and respectfully request, pursuant to Federal Rule of Civil Procedure 26(c), that the Court enter the following Stipulated Protective Order (the "Order"), in order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect confidential material, and ensure that protection is afforded only to material so entitled.

1. **Scope of Order; Definitions.**

    (a) The term "Action" refers to the lawsuit captioned *Devin G. Nunes v. WP Company LLC et al.*, No. 1:21-cv-00506 (CJN) (D.D.C.), including the Complaint and Amended Complaint filed in *Devin G. Nunes v. WP Company LLC et al.*, No. 1:20-cv-1405 (E.D. Va.).

    (b) The term "Party" or "Parties" refers to any one or more of Plaintiff Devin G. Nunes, Defendant WP Company LLC d/b/a The Washington Post, and Defendant Ellen Nakashima.

    (c) The term "Producing Party" or "Producing Parties" refers to any Party, person, or entity that produces Discovery Materials, including, without limitation, a deponent who

provides testimony.

(d)     The term "Receiving Party" or "Receiving Parties" refers to any Party, person, or entity that receives Discovery Materials, either directly or from another Receiving Party.

(e)     The term "Document" means all tangible items, whether written, recorded, or graphic, whether produced or created by a Party or another person, whether produced pursuant to subpoena, to discovery request, by agreement, or otherwise.

(f)     The term "Discovery Materials" means all products of discovery and all information derived therefrom, including, but not limited to, all originals and copies of Documents, objects or things, deposition transcripts, responses to written discovery, information, or other written, recorded or graphic matter produced by any Producing Party in the course of this Action. This Order applies to all Discovery Materials.

(g)     The term "Confidential" means sensitive business, newsgathering, governmental, or financial information which in the ordinary course is neither made available to the general public or an industry at large, and/or which the Producing Party would not normally reveal to third parties, or would cause third parties to maintain in confidence.  By way of illustration, such information may include, but is not limited to, sensitive information regarding business practices, financial records, unpublished newsgathering and reporting information, journalistic practices, reporting practices, personnel records, or personal information.

(h)     The term "Highly Confidential – Attorneys' Eyes Only" means Confidential information that the Producing Party reasonably believes is so sensitive that it could jeopardize the safety, security, or well-being of a party or an individual or cause substantial harm to that party or a non-party, if disclosed to persons other than counsel.

(i) The term "Confidential Discovery Materials" means all Documents or Discovery Materials produced or discovered in response to discovery requests propounded by any Party in this Action that are designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

(j) This Order shall be understood to encompass not only those items or things which are expressly designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," but also all copies, excerpts, and summaries thereof, as well as testimony, oral communications, and other work product containing "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information or information derived therefrom.

**2. Designation of Confidential Discovery Materials as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."**

(a) Confidential Discovery Materials may be designated by a Producing Party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

(b) Any Document that the Producing Party intends to designate as Confidential shall bear the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only."  The legend shall be affixed to each page of the Document to be designated, but shall not obscure any part of the text.

(c) The designation of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Documents shall be made at the following time: (1) for Documents, at the time of the production of the Documents; (2) for written responses to interrogatories or requests for admission, at the time of the written response; and (3) for declarations and pleadings, at the time they are filed.

(d) No person shall attend depositions (or portions of depositions) during which Confidential Discovery Materials are disclosed unless such person is an authorized recipient of Confidential Discovery Materials under the terms of this Order.  If, during the course of a

deposition, the response to a question would require the disclosure of Confidential Discovery Materials, the witness may refuse to answer or the Producing Party or Party whose Confidential Discovery Materials would be disclosed may instruct the witness not to answer or not to complete his answer, as the case may be, until any person not authorized to receive Confidential Discovery Materials leaves the room.  If information disclosed during depositions includes Confidential Discovery Materials, then counsel, the witness, or the Party whose Confidential Discovery Materials are to be or were disclosed, may state on the record at the deposition that a portion of the transcript, or if appropriate, the entire transcript and record of the deposition contains Confidential Discovery Materials and shall be sealed.  Additionally, a Party may designate such Confidential Discovery Materials in writing within 30 days of the completion of the transcript of such deposition (as certified by the court reporter).  Prior to the expiration of such 30-day period, all information disclosed during a deposition shall constitute Confidential Discovery Materials unless otherwise agreed by the parties and the witness, or ordered by the Court.

(e)     It shall be the duty of the Party seeking protection of Confidential Discovery Materials to indicate to the other Party and its counsel of record which of the materials and testimony are considered Confidential.

(f)     Confidential Discovery Materials shall not be disclosed in any way to persons, other than as provided for under this Order or as otherwise required by law.  Any person with custody of Confidential Discovery Material shall maintain it in a manner which ensures that access to Confidential Discovery Materials is strictly limited to persons entitled to receive Confidential Discovery Materials in accordance with the provisions of this Order.

3.     **Use of Confidential Discovery Materials.**

(a)     All Confidential Discovery Materials shall be used by the Receiving Party or any other person receiving Confidential Discovery Materials solely for the prosecution or defense of the Action, and not for any other purpose.

(b)     The terms of this Order shall in no way affect the right of any non-party to withhold information on alleged grounds that such information is protected by any applicable privilege or because it is not reasonably calculated to lead to the discovery of admissible evidence.

4.     **Non-Disclosure of Confidential Discovery Materials.**  Except with the prior written consent of the Producing Party, Confidential Discovery Materials, or any portion thereof, may not be disclosed to any person, except as set forth in Sections 5 and 9 below.

5.     **Permissible Disclosures of Confidential Discovery Materials.**

(a)     Confidential Discovery Materials designated as "Confidential" may be disclosed to and used only by the following persons involved in the Action and only to the extent necessary for the prosecution or defense of the Action:

(i)     Parties to the Action, including their appointed employees, representatives, and agents (but not including persons who meet the criteria of Section 5(a)(iv), or the in-house counsel, counsel of record, consultants, or contractors listed in Sections 5(a)(ii), (iii), (vi), and (vii));

(ii)     In-house counsel for a Party having direct responsibility for, working directly on, or testifying in connection with, the Action and their secretaries, paralegal assistants, and employees of such

5

counsel, to the extent reasonably necessary to render professional services in the Action;

(iii)    Counsel of record for a Party and their partners, associates, secretaries, paralegal assistants, and employees;

(iv)    Persons shown on the face of the Confidential Discovery Material to have authored or received it (not including a person who received the Document in the course of litigation);

(v)    Court officials involved in the Action, including the Court and its staff, jurors, court reporters, persons operating video equipment at depositions, and any person conducting Alternative Dispute Resolution, as agreed upon by the Parties;

(vi)    Outside consultants or experts retained by a Party or its counsel of record to assist in this Action, including, without limitation, independent contract attorneys, expert witnesses, or other technical experts and/or consultants;

(vii)    Employees of third-party contractors retained by a Party or its counsel of record, involved solely in one or more aspects of copying, organizing, filing, coding, converting, translating, storing, or retrieving data or designating programs for handling data connected with the Action, including the performance of such duties in relation to a computerized litigation support system;

(viii)    Insurers; and

(ix)    Any other person, if consented to in writing in advance by the

Producing Party.

(b)     Confidential Discovery Materials designated as "Highly Confidential – Attorneys' Eyes Only" may not be disclosed to or used by persons listed in Section 5(a)(i), and may be disclosed to and used only by persons listed in Section 5(a)(ii)–(ix).

(c)     Any individual listed in Section 5(a)(vi)–(ix) to whom Confidential Discovery Materials are disclosed shall sign a copy of the "Endorsement of Protective Order," attached as Exhibit A, prior to such disclosure, unless the Producing Party has given prior written consent for the disclosure or the Court has given permission for such disclosure.  Counsel providing access to Confidential Discovery Materials shall retain copies of the executed Endorsement(s) of Protective Order.

6.     **Production of Confidential Materials by Non-Parties.**  Any non-party who produces Discovery Materials in this Action may agree to and obtain the benefits of this Order by designating as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only" the Discovery Materials that the non-party is producing, as set forth in Section 2.

7.     **Inadvertent Disclosures.**

(a)     <u>Information Subject to a Claim of Privilege or Work-Product Protection</u>: The inadvertent production of any Discovery Materials subject to a claim of privilege or work-product protection shall not constitute a waiver of the applicable privilege or doctrine.  To the extent that any Receiving Party discovers the inadvertent production of materials reasonably believed to be subject to a claim of privilege or work-product protection, it shall contact the Producing Party regarding such inadvertent production within seven days of its discovery.  To the extent the Producing Party discovers the inadvertent production of privileged materials reasonably believed to be subject to a claim of privilege or work-product protection, it shall contact all

Receiving Parties regarding such inadvertent production within seven days of its discovery.  The Party in possession of any inadvertently produced Discovery Materials, upon request from the Producing Party, shall: (1) promptly return the inadvertently produced Discovery Materials and all copies of the Discovery Materials in its possession, custody or control, including any copies made and/or shared with its experts, consultants, agents and other persons identified in Section 5(a)(vi)-(ix) above; (2) delete any electronic copies or versions of the inadvertently produced Discovery Materials, including electronic copies stored in any litigation-support or other databases, e-mail, and servers; (3) refrain from making any use of the inadvertently produced information contained in the Discovery Materials; (4) turn over or destroy any notes or work product reflecting the contents of the inadvertently produced Discovery Materials; and (5) certify compliance with this provision.  To the extent the party in possession of the inadvertently produced Discovery Materials disagrees with the Producing Party that such materials are privileged or otherwise protected from disclosure, the Receiving Party shall then have the right to apply to the Court for an order that such Discovery Materials are not protected from disclosure by any privilege.  The Party receiving such materials, however, may not assert the fact or circumstances of the inadvertent production as a ground for such motion.  Until the Parties have resolved any dispute concerning the privileged nature of any inadvertently produced Discovery Materials, or the Court has issued an order concerning the disputed materials, no use shall be made of the disputed materials during depositions, in motions, or at trial, nor shall they be disclosed to any other Party or individual who was not given access to such materials before discovery of the inadvertent production.

(b)  <u>Confidential Information</u>:  The inadvertent, unintentional, or *in camera* disclosure of Confidential Discovery Materials shall not be deemed a waiver, in whole or part, of any Party's claim of confidentiality.  Within 15 days of the discovery of such inadvertent or

unintentional disclosure, any party to this Order may advise the other parties that the information is to be designated as Confidential Discovery Material under the terms of this Order.

8.    **Disputes Regarding Confidentiality Designations.**

(a)    Nothing shall prevent the disclosure beyond that permitted under this Order if the Producing Party consents in writing in advance of such disclosure.

(b)    If at any time a Party (or aggrieved entity permitted by the Court to intervene for such purpose) wishes for any reason to dispute a designation of discovery materials as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" made hereunder, such person shall notify the Producing Party of such dispute, in writing, identifying with specificity (including exact Bates number(s) if applicable) the discovery materials in dispute. The Producing Party shall respond in writing within 14 days of receiving such notification. The disputing party shall have 10 days to either accept or reject the Producing Party's explanation.

(c)    If the parties are unable to resolve the dispute amicably, the Party disputing the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation may apply to the Court for a ruling that the designated information is not entitled to such status and protection within 30 days of the Producing Party's response as provided in Section 8(b).

(d)    If the time for filing a motion as provided in Section 8(c) has expired without the filing of any such motion, absent an agreement by the Parties to the contrary, all objections as to the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" status of the Confidential Discovery Materials in question shall be deemed waived.

9.    **Confidential Discovery Materials in Depositions.**

(a)    Counsel for any Party may show Confidential Discovery Materials to a deponent during deposition and examine the deponent about the materials so long as the deponent

already knows the Confidential information contained therein, or if the attorney proffering the Confidential Discovery Materials complies with the provisions of Section 5.  Deponents shall not retain or copy portions of the transcript of their depositions that contain Confidential information not provided by them or the entities they represent unless they sign the Endorsement of Protective Order and otherwise comply with the provisions in Section 5.  Deponents shall not retain a copy of any Confidential Discovery Materials used during their deposition, except the deponents may review (at Counsel's office or at the office of the court reporter transcribing the deposition) a copy of all exhibits marked at their depositions in connection with review of the transcripts.  A deponent who is not a Party shall be furnished a copy of this Order before being examined about potentially Confidential Discovery Materials.  While a deponent is being examined about any Confidential Discovery Materials or the Confidential information contained therein, persons to whom disclosure is not authorized under this Order shall be excluded from being present.

(b)     Parties and deponents may, within 30 days after receiving a deposition transcript, designate portions of the transcript (and exhibits thereto) as Confidential or Highly Confidential – Attorneys' Eyes Only.  Such designations for depositions shall be made either on the record or by written notice to the other party.  Until expiration of such 30 day period, the entire transcript, including exhibits, will be treated as subject to Highly Confidential – Attorneys' Eyes Only protection under this Order.  If no Party or deponent timely designates Confidential information in a transcript as Confidential, then none of the transcript or its exhibits will be treated as Confidential.  If a timely designation is made all copies of the designated portions and exhibits shall be treated as Confidential or Highly Confidential – Attorneys' Eyes Only pursuant to the terms of this Order.

**10.**     **Client Consultation.**  Nothing in this Order shall prevent or otherwise restrict any attorney from rendering advice to his or her client in connection with this Action, and in the course thereof, relying generally on examination of Confidential Discovery Materials; provided, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosures of any Confidential information except pursuant to the procedures of Section 5.

**11.**     **Subpoena by Other Court or Agency.**  If another court or an administrative agency, law enforcement agency or governmental body subpoenas or otherwise orders production of Confidential Discovery Materials that a person has obtained under the terms of this Order, the person to whom the subpoena or other process is directed shall promptly notify the designating Party in writing by providing a copy of the subpoena.  In no event shall Confidential Discovery Materials be produced prior to the receipt of written notice by the designating Party and a reasonable opportunity to object.  Furthermore, the person receiving the subpoena or other process shall reasonably cooperate with the Producing Party in any proceeding related thereto.

**12.**     **Non-Termination.**  The provisions of this Order shall not terminate at the conclusion of this Action.  This Order shall remain in full force and effect and each person subject to this Order shall continue to be subject to the jurisdiction of the U.S. District Court for the District of Columbia, for the purposes of enforcement of the confidentiality terms of this Order.  Within 45 days after final conclusion of all aspects of the Action, if any, the Parties shall, at their option, return or destroy Confidential Discovery Materials and all copies of same.  All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the Party who produced the Discovery Materials not more than sixty 60 days after final conclusion of the Action. For purposes of this Order, final conclusion shall be taken and construed as the date a

dismissal (whether voluntary or involuntary) or final judgment is entered.

13.    **Responsibility of Attorneys; Copies.**    Attorneys of record are responsible for employing all reasonable measures to control and record, consistent with this Order, duplication of, access to, and distribution of Confidential Discovery Materials, including abstracts and summaries thereof.  Any copy provided to a person described in Section 5(a)(i)–(ii) or Section 5(a)(vi)–(ix) shall be returned to counsel of record or destroyed upon completion of the purpose for which such copy was provided.

14.    **Retiring Counsel and/or Parties.**  In the event a Party or its counsel ceases its involvement in this Action, including any appeal thereof, access by such person to the Parties' Confidential Discovery Materials and Confidential Documents shall be terminated.  However, the provisions of this Order shall remain in full force and effect as to all persons who have obtained access to such Confidential Discovery Materials or Confidential Documents, in perpetuity.

15.    **No Waiver of Rights or Implication of Discoverability.**

(a)    No disclosure pursuant to any provision of this Order shall waive any rights or privileges of any Party granted by this Order.

(b)    This Order shall not enlarge or affect the proper scope of discovery in this Action; nor shall this order imply that Confidential Discovery Materials are properly discoverable, relevant, or admissible in the Action.  Each Party reserves the right to object to any disclosure of information or production of any documents that the Producing Party designates as Confidential Discovery Materials on any other ground it may deem appropriate.

(c)    The entry of this Order shall be without prejudice to the rights of the Parties, or any one of them, or of any non-party to assert or apply for additional or different protection. Nothing in this Order shall prevent any Party from seeking an appropriate protective order to

further govern the use of Confidential Discovery Materials at trial.

16. **Modification Permitted.** Nothing in this Order shall prevent any Party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper. This Order may be modified by stipulation among all Parties, approved by the Court or by application to the Court by noticed motion. The Court may modify the protective order in the interests of justice or for public policy reasons on its own initiative. Nothing in this Order shall be construed as a waiver of any rights by any Party with respect to matters not specifically provided for herein.

17. **Improper Disclosure of Confidential Discovery Material.** Any intentional violation of this Order may constitute contempt of Court, may be punishable as such, and may subject the offending Party or person to such sanctions and remedies as the Court deems appropriate.

Dated:  December 9, 2021

/s/ *Richard S. Basile*

Richard S. Basile

RICHARD S. BASILE, PA
Richard S. Basile
6305 Ivy Lane, Suite 416
Greenbelt, MD 20770
Telephone: (301) 441-4900
Facsimile: (301) 441-2404
rearsb@gmail.com

/s/ *Thomas G. Hentoff*

Thomas G. Hentoff

WILLIAMS & CONNOLLY LLP
Kevin T. Baine
Thomas G. Hentoff
Nicholas G. Gamse
725 12th Street, NW
Washington, D.C. 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
ngamse@wc.com

*Attorneys for Defendants WP Company
LLC and Ellen Nakashima*

/s/ *Steven S. Biss*

Steven S. Biss

300 West Main Street, Suite 102
Charlottesville, VA 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
stevenbiss@earthlink.net

*Attorneys for Plaintiff Devin G. Nunes*

**SO ORDERED.**

Entered: _____

_____
Hon. Carl J. Nichols
United States District Judge

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DEVIN G. NUNES,

        Plaintiff,

v.

WP COMPANY LLC, d/b/a THE
WASHINGTON POST and ELLEN
NAKASHIMA,

        Defendants.

Case No. 1:21-cv-00506 (CJN)

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

Name: _____

Company/Firm Affiliation: _____

Address: _____

      I hereby certify that I have read the attached Stipulated Protective Order ("Protective Order") entered in the above-referenced action (the "Litigation") and agree to be bound by its terms, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I acknowledge that I cannot use any of the information that is the subject of this Protective Order for any other purpose except as set forth in this Protective Order, and not for any other purpose whatsoever. I will employ reasonable measures to control duplication of, access to, and distribution of Confidential Discovery Materials, as defined in the Protective Order, and I will not reveal Confidential Discovery Materials to or discuss them with any person who is not entitled to receive Confidential Discovery Materials.

Further, I understand and agree that damages for any violation of the Protective Order are not an adequate remedy and that the appropriate remedy includes injunctive relief.  I agree that the United States District Court for the District of Columbia has jurisdiction to enforce the terms of the Protective Order, and I consent to the personal jurisdiction of that Court in an action to enforce the terms of the Protective Order.

_____          _____
Signature                                                                          Date

**CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2021, I electronically filed the foregoing [Proposed] Stipulated Protective Order with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to registered CM/ECF participants.


*/s/ Thomas G. Hentoff*
*Counsel for Defendants*