UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEVIN G. NUNES,

       *Plaintiff*,

v.

WP COMPANY LLC, et al.,

       *Defendants*.

Civil Action No. 1:21-cv-00506 (CJN)

## ORDER

Devin Nunes has moved to amend and to supplement his amended Complaint. *See* Pl.'s Mot. to Amend Compl. ("Pl.'s Mot."), ECF No. 45. First, Nunes seeks to add a new defamation claim arising out of a column published in the Washington Post in December 2021. *Id.* ¶ 10. Second, Nunes seeks to add allegations arising out of events that took place between 2016 and 2017. *See* Proposed Supplemented/Amended Complaint ("Proposed Supp."), ECF No. 45-2 ¶¶ 14(a)-(d). The Court denies the Motion for the reasons that follow.

Federal Rule of Civil Procedure 15(a) governs requests to amend a complaint before trial has commenced. That rule provides in relevant part that once a party has amended its complaint the "party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(d), in turn, governs requests to supplement a complaint with information that arose after filing. That rule provides in relevant part that a court "may permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Courts employ the same general standard when considering

motions to amend under Rule 15(a) and motions to supplement under Rule 15(d). *See Cause of Action Inst. v. U.S. Dep't of Just.*, 282 F. Supp. 3d 66, 72 n.4 (D.D.C. 2017) (noting that both types of motions should be "freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action").

The rules of the road may change when a party seeks to supplement a complaint with information that existed *before* the complaint's filing. In that situation, Rule 16(b) (rather than Rule 15(d)) applies; it provides that a court may enter a scheduling order that limits the time to amend pleadings and that such a schedule may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *In re Papst Licensing GmbH & Co. KG Litig.*, 762 F. Supp. 2d 56, 59 (D.D.C. 2011) ("The good cause standard under Rule 16(b) applies after the deadlines set forth in a scheduling order have passed."). A party that moves to supplement under Rule 16(b) "must show both diligence and a lack of prejudice to the opposing parties" to satisfy the good cause standard. *In re Papst*, 762 F. Supp. 2d at 59.

Nunes first seeks to amend his Complaint with details arising out of a column published in the Washington Post in December 2021. The column, entitled "Devin Nunes chose Trump-branded truth as a career five years ago," offers a critical perspective of Nunes's relationship with former President Donald Trump. *See* Pl.'s Mot. at 4. From Nunes's vantage point, portions of the column constitute a republication of statements that this Court has already deemed plausibly defamatory. *See generally id.*[1]

This December 2021 column could not, of course, have been known to Nunes before he

---

[1] Nunes's proposed amendment alleges that the December 2021 column "republished" allegedly defamatory statements in the articles published in late 2020 and also that the column contained a variety of defamatory falsehoods. *See* Pl.'s Mot.

filed his Complaint; Rule 15(d) therefore provides the relevant standard. But as Defendants correctly note, amendment should be denied as futile. In particular, the column neither supports a standalone claim of defamation nor does constitutes a republication of the two articles published in late 2020.

In August 2021, the Court denied Defendants' Motion to Dismiss Nunes's Complaint in large part because the two contested articles from late 2020 could be read as stating that Nunes himself had made or believed baseless claims that the Obama administration had wiretapped Trump Tower. *See* Memorandum Opinion, ECF No. 41. The December 2021 column, by contrast, does not assert that Nunes had stated or believed the claim that Trump Tower had been wiretapped. The column instead states in relevant part that in March 2017 Nunes was "summoned to the White House complex," "where staffers presented him with evidence meant to bolster a wild claim made *by the president* . . . that federal authorities had tapped the phones at Trump Tower during the campaign." Pl's Mot. at 4 (emphasis added). The column neither attributes to Nunes any "baseless claims" about wiretapping of Trump Tower nor does it assert that Nunes "believed" baseless claims of such activities. Rather, the column states that White House staffers presented Nunes with information about incidental collection meant to bolster the former President's claim. As Defendants argue, the column is therefore not a republication of the 2020 articles, nor can it support a possible defamation claim in the way those earlier articles might. *See* Memorandum Opinion, ECF No. 41. The Court therefore concludes that permitting Nunes to amend the Complaint to add the December 2021 column would be futile. *See Wildearth Guardians v. Kempthorne*, 592 F.Supp.2d 18, 23 (D.D.C. 2008) (quoting *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996)) (noting that leave "should be freely given unless there is a good reason, such as futility, to the contrary.").

Nunes also seeks to supplement his Complaint with information arising out of events that took place in 2016 and 2017.  In particular, Nunes seeks to supplement the Complaint with the allegation that "[b]etween December 2016 and March 21, 2017, WaPo aided and abetted multiple criminal leaks of highly classified information from the U.S. Intelligence Community." Proposed Suppl. ¶ 14(a).  Nunes links to several articles that allegedly substantiate and further this assertion. *See generally id.*

The Court denies Nunes's motion to supplement.  The Court's Scheduling Order imposed an October 29, 2021 deadline for Nunes to amend his Complaint.  *See* Scheduling Order, October 6, 2021.  Nunes filed this Motion more than a month later, on December 9, 2021.  *See* Pl.'s Mot. Rule 16(b)'s good cause standard therefore governs Nunes's proposed supplement because the information he seeks to add was available before the October deadline.  *See* Fed. R. Civ. P. 16(b)(4).  What's more, neither Nunes's motion nor his reply to the Defendants' opposition show that he was diligent here in supplementing the Complaint.  Nor could he have made such a showing.  The information he seeks to add was available to him at the time he filed both the original Complaint in November 2020, and when he first amended his Complaint in February 2021.  Nunes therefore cannot establish that diligence excuses his failure to include the supplemental information before the Scheduling Order's deadline, and he therefore cannot satisfy the good cause standard.

One last note.  This Order is limited to the question of whether Nunes may amend his Complaint.  It should not be construed as a decision regarding the relevancy or potential use of evidence relating to any of the allegations Nunes has sought to add to the Complaint.

It is hereby **ORDERED** that Plaintiff's Motion to Supplement and Amend the Amended Complaint, ECF No. 45, is **DENIED**.

DATE: February 2, 2022

CARL J. NICHOLS
United States District Judge