UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEVIN G. NUNES,

        Plaintiff,

  v.

WP COMPANY LLC, d/b/a THE WASHINGTON POST and ELLEN NAKASHIMA,

        Defendants.

Case No. 1:21-cv-00506 (CJN)

# THE POST'S UNOPPOSED MOTION FOR COURT-ISSUED THIRD-PARTY DOCUMENT SUBPOENA TO THE NATIONAL ARCHIVES AND RECORDS ADMINISTRATION

Defendants, WP Company LLC, d/b/a The Washington Post and Post reporter Ellen Nakashima (collectively, "the Post"), hereby ask the Court to issue the third-party document subpoena to the National Archives and Records Administration ("the Archives") attached hereto as Exhibit A. Plaintiff Devin Nunes sued the Post for defamation over a November 2020 article ("the Article") (with a correction published in December 2020). His counsel states that Nunes claims that the Article and the correction defamed him by falsely representing the timing and purpose of Nunes's March 21, 2017 visit to the White House. The Post seeks records from the Archives relating to that trip. Because the Archives has asserted that under the Presidential Records Act of 1978, 44 U.S.C. § 2205(2)(a), only subpoenas authorized by a judge may be used to seek documents from the Archives, the Post makes this motion for such authorization. Counsel for Plaintiff states that Plaintiff does not oppose the Motion.

## BACKGROUND

When the Post served a document subpoena on the Archives in May 2022, the Archives' counsel responded that by policy the Archives answers subpoenas only if they are issued by a

judge, pursuant to its interpretation of 44 U.S.C. § 2205(2)(a), which states that the Archives shall make information available "pursuant to subpoena or other judicial process issued by a court of competent jurisdiction." The Archives interprets this clause to mean that subpoenas must be specifically authorized by a judge to be valid. *See* Exhibit B, Unopposed Mot. for Court-Issued Subpoena Duces Tecum to Nat'l Archives and Records Admin., ECF No. 73, at 1, *Strzok v. Garland*, No. 19-2367 (ABJ) (D.D.C. Mar. 24, 2022) (motion reflecting the Archives' position). Although the Post disagrees with this interpretation, it is acting in accordance with the Archives' position to avoid unnecessary and time-consuming discovery motion practice with a nonparty on a threshold issue.

The Post's subpoena seeks the following documents from the Executive Office of the President ("EOP") and the House Permanent Select Committee on Intelligence ("the House Intelligence Committee"):

1. All White House visitor records—including, but not limited to, records from the White House Worker and Visitor Entry System (WAVES), records from the Access Control Records System (ACR), and any paper files or other records concerning requests for access to the White House Grounds—relating to visits to the White House Grounds by Devin Nunes or any member of his Staff between January 20, 2017 and April 1, 2017.

2. All White House visitor records—including, but not limited to records from WAVES, ACR, and any paper files or other records concerning requests for access to the White House Grounds—relating to visits to the White House Grounds by Congressman Adam Schiff or any member of his Staff between January 20, 2017 and April 1, 2017.

3. All audio recordings, video recordings, transcripts, or notes relating to Devin Nunes's meetings on the White House Grounds on March 21, 2017 or March 22, 2017.

4. All documents and communications received, reviewed, prepared, or sent by EOP employees between January 20, 2017 and April 1, 2017 relating to visits by Devin Nunes to the White House Grounds on March 21, 2017 and March 22, 2017.

5. All documents and communications received, reviewed, prepared, or sent by EOP employees between January 20, 2017 and April 1, 2017 relating to Devin Nunes's statements concerning alleged surveillance of former President Donald Trump, Trump Tower, the Trump campaign, or the Trump presidential transition team.

6. All documents and communications received, reviewed, prepared, or sent by EOP employees between January 20, 2017 and April 1, 2017 referring or relating to Donald Trump's statements that he felt "somewhat" vindicated by Nunes's March 22, 2017 surveillance announcement and "very much appreciated the fact that they found what they found."

7. All records relating to the reservation or use of a Sensitive Compartmented Information Facility (SCIF) on the White House Grounds by Devin Nunes, any member of Devin Nunes's Staff, Michael Ellis, Ezra Cohen-Watnick, or John Eisenberg on March 21, 2017.

8. All House Permanent Select Committee on Intelligence Records relating to Devin Nunes's March 21, 2017 and March 22, 2017 visits to the White House Grounds.

See Exhibit A.

## ARGUMENT

The Post requests that the Court authorize the issuance of the document subpoena to the Archives. The Post will then serve the subpoena on the Archives, which will have the regular opportunity pursuant to Rule 45 to serve objections and otherwise respond.

The Post directed the subpoena to the Archives because it is likely to possess documents responsive to some or all of the requests. It holds the records of past presidential administrations, including President Trump's administration in place during the relevant time period. In addition, the House of Representatives requires its committees, including the House Intelligence Committee, to send records to the Archives for preservation.[1]

The requested documents are relevant for two reasons. First, the timing and nature of Plaintiff's visit to the White House is at issue because Plaintiff claims he was defamed by the statement that his trip occurred "reportedly late at night." Am. Compl. ¶ 2. White House visitor

---

[1] See Guide to Federal Records, Nat'l Archives and Records Admin., https://www.archives.gov/research/guide-fed-records; Rule VII: Records of the House, Nat'l Archives and Records Admin., https://www.archives.gov/legislative/research/house-rule-vii.html.

request records and communications from both the Executive Office of the President and Plaintiff's staff on the House Intelligence Committee regarding the coordination of his visit will therefore help determine at what time the trip took place.  Second, the requested documents are relevant to the substantial truth of the second statement Plaintiff claims was defamatory: "[Nunes] was given access at the White House to intelligence files that [he] believed would buttress his baseless claims of the Obama administration spying on Trump Tower." *Id.*  Thus, Executive Office of the President and House Intelligence Committee communications held by the Archives are likely to provide evidence about the purpose of Plaintiff's visit.

## CONCLUSION

For the foregoing reasons, the Post respectfully moves the Court to issue the attached subpoena to the Archives.

Dated: July 6, 2022

Respectfully submitted,

/s/ *Thomas G. Hentoff*
Kevin T. Baine (D.C. Bar No. 238600)
Thomas G. Hentoff (D.C. Bar No. 438394)
Nicholas G. Gamse (D.C. Bar No. 1018297)
Sean M. Douglass (D.C. Bar No. 1033069)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, DC 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
thentoff@wc.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2022, I electronically filed the foregoing Unopposed Motion for Court-Issued Third-Party Subpoena to the National Archives and Records Administration with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to registered CM/ECF participants.

/s/ *Thomas G. Hentoff*
*Counsel for Defendants*