UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEVIN G. NUNES,<br><br>    *Plaintiff*,<br><br>v.<br><br>WP COMPANY LLC, et al.,<br><br>    *Defendants*. | Civil Action No. 1:21-cv-00506 (CJN) |

## ORDER

This matter is before the Court on two motions to compel discovery—one filed by Defendants, ECF No. 56, the other filed by Plaintiff, ECF No. 58. Having considered both motions and the parties' arguments, it is hereby

**ORDERED** that Plaintiff's Motion to Compel Discovery from Defendants is **DENIED**; and it is

**FURTHER ORDERED** that Defendants' Motion to Compel Discovery from Plaintiff is **GRANTED IN PART** and **DENIED IN PART**; and it is

**FURTHER ORDERED** that, within 14 days of the entry of this Order, Plaintiff shall, consistent with the Federal Rules of Civil Procedure:

1. Identify all individuals who possess relevant knowledge or information in response to Defendants' Interrogatories 2, 3, and 15, which includes, but is not limited to, (A) the unidentified staffer(s) who Plaintiff asserted traveled with him "in a cab" before he visited White House grounds on March 21, 2017; (B) the unidentified Congressional Office or Intelligence Committee staffer(s) who worked (in any manner) on Plaintiff's March 2017 statements regarding surveillance of the Trump Campaign; and (C) the

1

unidentified staffer(s) who worked (in any manner) on Plaintiff's campaign website post about "lawsuits against The Washington Post";

2. For each individual with relevant knowledge or information on Plaintiff's staff or otherwise within his control—including (A) Plaintiff, (B) Jack Langer, (C) Plaintiff's former scheduler (Jennifer Morrow), (D) Plaintiff's chiefs of staff (Jillian Plank and Anthony Ratekin) and Intelligence Committee assistants (Scott Glabe, George Pappas, and the late Damon Nelson), (E) the staffer(s) who traveled with Plaintiff "in a cab" before he visited White House grounds on March 21, 2017, and (F) Plaintiff's Campaign manager (Jake Mizner) and Campaign staffer(s) who worked on his campaign website post about Plaintiff's "lawsuits against The Washington Post"— identify in response to Defendants' Interrogatory 16 every repository ever used by that custodian to send, receive, or store relevant communications or documents; the subject matter of the documents in that repository; the date range of documents retained in that repository; and whether Plaintiff collected documents from the repository;

3. For each individual listed in paragraph (2) above, supplement Plaintiff's responses to Defendants' first and second sets of requests for production of documents (including Requests for Production of Documents 1–41) to include all responsive, non-privileged documents and any original metadata resulting from a reasonably diligent search of those custodians' files;

4. Supplement Plaintiff's responses to Defendants' Interrogatories 1 and 17 by consulting with Plaintiff's former scheduler (Jennifer Morrow) or other relevant staffers concerning (A) Plaintiff's complete itinerary on March 21, 2017 and (B) how Plaintiff's March 21, 2017 and March 22, 2017 visits to the White House were arranged; and

5. If not already provided, supplement Plaintiff's initial disclosures to include "a computation of each category of damages claimed by" Plaintiff, as required by Federal Rule of Civil Procedure 26(a)(1)(A)(iii).

Notwithstanding the above paragraphs of this Order, Plaintiff need not supplement his responses to Requests for Production of Documents 27 and 29 and Interrogatory 13 at this time, but Defendants may renew these requests if the desired information becomes relevant to Plaintiff's proposed computation of damages.

DATE:  October 25, 2022

CARL J. NICHOLS
United States District Judge