# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DEVIN G. NUNES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-00506-CJN |
| | ) | |
| | ) | |
| WP COMPANY, LLC | ) | |
| d/b/a The Washington Post | ) | |
| *et al* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# PLAINTIFF'S SUPPLEMENTAL ANSWERS AND RESPONSES TO DEFENDANTS' DISCOVERY REQUESTS

Plaintiff, Devin G. Nunes ("Plaintiff"), by counsel, pursuant to Rules 26(e), 33 and 34 of the Federal Rules of Civil Procedure, the Federal Rules of Evidence ("FRE"), Local Civil Rule ("LCvR") 30.4, and the Court's Order entered October 25, 2022, hereby serves the following Supplemental Answers and Responses to defendants, WP Company, LLC d/b/a The Washington Post ("WaPo") and Ellen Nakashima ("Nakashima") (WaPo and Nakashima are collectively referred to as the "Defendants"), interrogatories and request for production of documents:

1. In further response to Defendants' interrogatories nos. 2, 3 and 15, Plaintiff states as follows:

   a. I previously identified all individuals who I believe may have knowledge of my allegations in this action, including all former staff members. Jennifer Morrow was my scheduler. She prepared an agenda for March 21, 2017 and March 22, 2017, which has been produced. She helped arrange my visit to the White House on March 22, 2017. Caitlin Shannon drove me to the White House on March 22, 2017.

1

      b.     I don't recall any staffers traveling with me in a cab. I am aware that Jake Tapper asserted in an article that a member of my "staff" rode with me in a cab. I do not remember, but can only speculate that the "staff" referred to by Jake Tapper was Damon Nelson.

      c.     I only communicated with Jack Langer in preparing the March 2017 statements;

      d.     I only communicated with Jack Langer in creating the campaign website post about "lawsuits against The Washington Post."

2.     In further response to Defendants' Interrogatory 16, Plaintiff states as follows:

Each individual with relevant knowledge or information on my staff or otherwise formerly within my control used the House and/or personal email address that is identified in the documents produced by me in discovery and produced by former staff members subpoenaed by the Defendants. These email repositories were used to conduct House business within the scope of each individual's duties and authority. I collected documents from Jack Langer. My lawyer reached out to counsel for staff members who were subpoenaed, and confirmed that all relevant documents relating to the allegations in this action were searched for and produced. I personally reached out to Scott Glabe and George Pappas to determine whether they had documents relevant to the allegations in this action. They did not. I'm not aware of any staff member aside from those identified above, who would have any documents relevant to the allegations in this action. I myself had no such repository. Jack Langer had relevant communications using his House of Representatives' email account and his personal gmail account relating to the campaign website post, all of which have been provided to Defendants' counsel.

3.     For each individual listed in paragraph (2) of the Court's Order, Plaintiff further supplements his responses to Defendants' first and second sets of requests for production of documents (including Requests for Production of Documents 1–41) as follows:

All individuals have conducted a reasonably diligent search of all available repositories, and have produced all responsive documents in their possession and control.

4.     In response to Defendants' Interrogatories 1 and 17, Plaintiff states as follows:

2

I arranged the March 21 visit with Michael Ellis. Jennifer Morrow helped arrange the March 22, 2017 visit to the White House. Beyond that, I have consulted with all the relevant staffers, and both they and I have provided all relevant documents, including a complete itinerary for March 21, 2017 and March 22, 2017.

### **Reservation of Rights**

Plaintiff reserves the right to amend and/or supplement his Objections and Responses to Defendants' Discovery Requests.

DATED:   November 16, 2022

DEVIN G. NUNES

By:   */s/ Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone:   (804) 501-8272
Facsimile:   (202) 318-4098
Email:   stevenbiss@earthlink.net
(*Admitted Pro Hac Vice*)

Richard S. Basile
(D.C. Bar No. 374069)
6305 Ivy Lane, Suite 416
Greenbelt, MD 20770
Telephone:   301-441-4900
Facsimile:   301-441-2404
Email:   rearsb@gmail.com

*Counsel for the Plaintiff*

3

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2022 a copy of the foregoing was served electronically in PDF upon counsel for the Defendants.

By: */s/ Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone:  (804) 501-8272
Facsimile:  (202) 318-4098
Email:  stevenbiss@earthlink.net
(*Admitted Pro Hac Vice*)

Richard S. Basile
(D.C. Bar No. 374069)
6305 Ivy Lane, Suite 416
Greenbelt, MD 20770
Telephone:  301-441-4900
Facsimile:  301-441-2404
Email:  rearsb@gmail.com

*Counsel for the Plaintiff*

4