# EXHIBIT 6

| | |
|---|---|
| **From:** | Steven S. Biss |
| **To:** | Gamse, Nicholas; Hentoff, Tom; Douglass, Sean |
| **Subject:** | Supplemental Disclosures and Depositions |
| **Date:** | Tuesday, July 12, 2022 4:40:35 PM |
| **Attachments:** | Plaintiff"s Second Amended and Supplemental Rule 26(a)(1) Disclosures - 7.12.22.pdf |

Nick,

Attached in PDF are Plaintiff's second amended and supplemental disclosures.

You are chasing your tail again concerning the website. There is no "staff from the campaign" to disclose.

Mr. Langer is generally available on reasonable notice. I do not represent the others you mention.

**From:** Gamse, Nicholas
**Sent:** Monday, July 11, 2022 7:59 PM
**To:** Steven S. Biss ; Hentoff, Tom ; Douglass, Sean
**Subject:** RE: Plaintiff's 4th Request for Production of Documents and Depositions

Steve,

1. You stated that you would identify the "staffer who accompanied Plaintiff" in paragraph 6 of your opposition brief, which I have excerpted below. Please provide the corrective disclosure this week.

> 6. Defendants claim that only Plaintiff knows the identities of other "key agents", for example, a staffer who accompanied Plaintiff <u>before</u> his March 21, 2017 visit to the White House, and the person who drafted content about this lawsuit for a campaign-related website. Plaintiff has agreed to identify these individuals, and will supplement his Rule 26(a)(1) disclosures by July 5, 2022.

2. Your disclosure that Jack Langer "helped" work on that portion of Plaintiff's campaign website does not clarify which staff from the campaign were involved. Please supplement your disclosure to identify the campaign staff involved in preparing the portion of Plaintiff's website describing his litigation against the Post.

3. We agree that we don't want to have a scramble to schedule depositions at the end of the discovery period. We believe that we will be able to work together to avoid that as appropriate after the motion to compel decision is issued. Nevertheless, we will discuss your request for dates in September and will get back to you. In the meantime, please provide dates when the following witnesses are available for depositions in September: Kathryn Hopper, Jack Langer, Jennifer Morrow, Jillian Plank, and Anthony Ratekin. We will of course reserve the right to add to and/or modify this list, including in response to future disclosures.

Thanks,

Nick

**From:** Steven S. Biss <stevenbiss@earthlink.net>
**Sent:** Monday, July 11, 2022 4:05 PM
**To:** Gamse, Nicholas <NGamse@wc.com>; Hentoff, Tom <THentoff@wc.com>; Douglass, Sean <SDouglass@wc.com>
**Subject:** Re: Plaintiff's 4th Request for Production of Documents and Depositions

Nick,

1.   I don't see where in our "motion papers" I agreed to identify any staffer who was with Devin in any taxi on March 21 2017.

2.   In paragraph 10 of our response to the Post's motion, I identified Jack Langer as the volunteer who helped work on the description of Devin Nunes's litigation against the Post featured on the website.

3.   The amended and supplemental disclosures only addressed the computation of damages.  I will serve a second amended and supplemental disclosure.

We only have until September 30, 2022 to complete fact discovery.  I do not want to scramble at the end to complete depositions.  If you want to wait to schedule Plaintiff's deposition and the deposition of any non-party witnesses, that's fine, but I would like to go ahead and schedule the depositions of Ms. Nakashima, Greg Miller, Karoun Demirjian, Adam Entous and Peter Finn.  Please email me your available dates in September.

**From:** Gamse, Nicholas
**Sent:** Monday, July 11, 2022 11:39 AM
**To:** Steven S. Biss ; Hentoff, Tom ; Douglass, Sean
**Subject:** RE: Plaintiff's 4th Request for Production of Documents and Depositions

Steve,

Thanks for your inquiry regarding depositions.  As we discussed during our last meet and confer call, we think it makes more sense to schedule the depositions after the court has ruled on the pending motions to compel, which may result in the production of documents that may be needed in advance of the depositions.  If you prefer to schedule depositions now, we are available to confer.  However, for obvious reasons, we will only present each of our witnesses one time.

Separately, we have two questions for you regarding Plaintiff's witnesses and depositions.  First, you represented in your motion to compel papers that you would supplement your initial disclosures to identify (a) the staffer(s) who were riding in the taxi with Plaintiff on March 21, 2017, and (b) the individual(s) who worked on the description of Plaintiff's litigation against the Post that is featured on the front page of his website.  However, your supplement last week did not include any witness disclosures.  Please provide a corrective supplement with the additional witness information.  Second, please let us know which of Plaintiff's disclosed staffers you are able to present for depositions as party witnesses.

Thanks,

Nick

**From:** Steven S. Biss <stevenbiss@earthlink.net>
**Sent:** Thursday, July 7, 2022 5:24 PM
**To:** Hentoff, Tom <THentoff@wc.com>; Gamse, Nicholas <NGamse@wc.com>; Douglass, Sean <SDouglass@wc.com>
**Subject:** Plaintiff's 4th Request for Production of Documents

All,

Please see attached.

It behooves us to schedule the party depositions.  Please email me your available dates in August.

Call or email me if you have any questions.


Steven S. Biss
(Virginia State Bar # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone (804) 501-8272
Facsimile: (202) 318-4098
Email: stevenbiss@earthlink.net
Email: stevensbiss@protonmail.ch
https://truthsocial.com/@stevenbiss

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.

This communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, immediately stop reading this email and delete it from your system.

---

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.


Steven S. Biss
(Virginia State Bar # 32972)
300 West Main Street, Suite 102

Charlottesville, Virginia 22903

Telephone (804) 501-8272

Facsimile: (202) 318-4098

Email: stevenbiss@earthlink.net

Email: stevensbiss@protonmail.ch

https://truthsocial.com/@stevenbiss

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.

This communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, immediately stop reading this email and delete it from your system.

Steven S. Biss

(Virginia State Bar # 32972)

300 West Main Street, Suite 102

Charlottesville, Virginia 22903

Telephone (804) 501-8272

Facsimile: (202) 318-4098

Email: stevenbiss@earthlink.net

Email: stevensbiss@protonmail.ch

https://truthsocial.com/@stevenbiss

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.

This communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, immediately stop reading this email and delete it from your system.