# EXHIBIT 7

LAW OFFICES

## WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

NICHOLAS G. GAMSE
(202) 434-5690
ngamse@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

November 11, 2022

<u>Via Email</u>

Steven S. Biss, Esquire
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
stevenbiss@earthlink.net

      Re:    *Nunes v. WP Company, LLC, et al.*, Case No. 1-21-cv-00506 (CJN) (D.D.C.)

Dear Steve:

      I write in regard to Plaintiff's November 8, 2022 supplemental disclosures (the "November 8 Supplement"), which were issued in response to the Court's October 25, 2022 order granting in part the Post's motion to compel and requiring compliance by Plaintiff within 14 days (the "Court Order").

      The November 8 Supplement substantially fails to comply with the Court Order. We intend to file a new motion to compel and seek sanctions pursuant to Federal Rules of Civil Procedure Rule 37 if these deficiencies are not promptly remedied by Wednesday, November 16. And, pursuant to Rule 37 and Local Rule 7(m), if you believe it would be productive to confer via telephone, we are available to do so on Tuesday, November 15 or earlier.

      The Court Order required Plaintiff, among other things, to do the following:

> "1. Identify all individuals who possess relevant knowledge or information in response to Defendants' Interrogatories 2, 3, and 15, which includes, but is not limited to, (A) the unidentified staffer(s) who Plaintiff asserted traveled with him "in a cab" before he visited White House grounds on March 21, 2017; (B) the unidentified Congressional Office or Intelligence Committee staffer(s) who worked (in any manner) on Plaintiff's March 2017 statements regarding surveillance of the Trump Campaign; and (C) the unidentified staffer(s) who worked (in any manner) on Plaintiff's campaign website post about "lawsuits against The Washington Post";

WILLIAMS & CONNOLLY LLP

Steven S. Biss, Esquire
November 10, 2022
Page 2

    2. For each individual with relevant knowledge or information on Plaintiff's staff or otherwise within his control—including (A) Plaintiff, (B) Jack Langer, (C) Plaintiff's former scheduler (Jennifer Morrow), (D) Plaintiff's chiefs of staff (Jillian Plank and Anthony Ratekin) and Intelligence Committee assistants (Scott Glabe, George Pappas, and the late Damon Nelson), (E) the staffer(s) who traveled with Plaintiff "in a cab" before he visited White House grounds on March 21, 2017, and (F) Plaintiff's Campaign manager (Jake Mizner) and Campaign staffer(s) who worked on his campaign website post about Plaintiff's "lawsuits against The Washington Post"—identify in response to Defendants' Interrogatory 16 every repository ever used by that custodian to send, receive, or store relevant communications or documents; the subject matter of the documents in that repository; the date range of documents retained in that repository; and whether Plaintiff collected documents from the repository;

    3. For each individual listed in paragraph (2) above, supplement Plaintiff's responses to Defendants' first and second sets of requests for production of documents (including Requests for Production of Documents 1–41) to include all responsive, non-privileged documents and any original metadata resulting from a reasonably diligent search of those custodians' files;

    4. Supplement Plaintiff's responses to Defendants' Interrogatories 1 and 17 by consulting with Plaintiff's former scheduler (Jennifer Morrow) or other relevant staffers concerning (A) Plaintiff's complete itinerary on March 21, 2017 and (B) how Plaintiff's March 21, 2017 and March 22, 2017 visits to the White House were arranged."

    Plaintiff's November 8 Supplement plainly failed to comply with these parts of the Court Order. For example, although you have stated via email that you plan to produce limited documents from Mr. Langer after the Court-ordered compliance deadline, this is not sufficient to satisfy Plaintiff's Court-ordered obligations to undertake a "reasonably diligent search" of the custodial files of "*each individual* listed in paragraph (2)" of the Court Order—particularly when Plaintiff admits: "I did not collect documents from any of these individuals' repositories." Plaintiff's supplemental interrogatory responses are similarly deficient, reflecting, for example, that he failed to consult with relevant witnesses as ordered, and failed to disclose the repositories that held relevant documents for those witnesses (including himself).

WILLIAMS & CONNOLLY LLP
Steven S. Biss, Esquire
November 10, 2022
Page 3

      Please comply with the Court Order by November 16.  We will otherwise proceed to seek appropriate relief pursuant to Rule 37 next week.

      Sincerely,

*Nicholas G. Gamse*