# EXHIBIT 13

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEVIN G. NUNES,

          Plaintiff,

v.

WP COMPANY LLC, d/b/a THE
WASHINGTON POST and ELLEN
NAKASHIMA,

          Defendants.

Case No. 1:21-cv-00506 (CJN)

## DEFENDANTS' SECOND SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants WP Company LLC

d/b/a The Washington Post and Ellen Nakashima request that, within thirty days, Plaintiff Devin

G. Nunes respond to the following Interrogatories under oath and serve a copy of the answers to

such Interrogatories to the undersigned counsel.

## DEFINITIONS

The following definitions shall apply as used herein:

1.     "All" and "each" shall be construed as all and each.

2.     "Amended Complaint" means the Amended Complaint filed in this action.

3.     "Article" means the November 9, 2020 online article published by The

Washington Post entitled "White House official and former GOP political operative Michael

Ellis named as NSA general counsel," and the November 10, 2020 print article published by The

Washington Post entitled "Trump loyalist named to NSA post."

4.     "Concern" and "concerning" are used in their broadest sense and include all

matter relating to, referring to, describing, evidencing, or constituting the referenced subject.

5.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

6.      "Document" is used in its broadest sense and includes, but is not limited to, all non-identical copies of the same document, all electronically stored information, and any other items whatsoever containing writings, drawings, sound recordings, pictures, or images. As used herein, "documents" includes, but is not limited to, all records, memoranda, reports, financial statements, handwritten and other notes, transcripts, paper, indices, letters, envelopes, telegrams, cables, electronic mail messages, telex messages, telecopies, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes or transcriptions or notations of meetings or telephone conversations or other communications of any type, tabulations, studies, analysis, evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars, appointment books, diaries, billing records, checks, bank account statements, invoices, photographs, microfilms, tapes or other records, punch cards, magnetic tapes, discs, data cells, drums, printouts, other data compilations from which information can be obtained, and any other documents discoverable under the Federal Rules of Civil Procedure which are in your possession, custody, or control.

7.      "Electronically stored information" shall be construed broadly and shall include, but not be limited to, electronic mail ("e-mail") and other electronic communications, such as, for example, text messages, instant messages, Internet posts, and messages communicated via Twitter; websites and blogs; electronic documents or files of any kind created with or saved using any word-processing or other software programs or formats for creating or storing information, such as, for example, Microsoft Word, Microsoft Excel, Adobe Acrobat, Microsoft

PowerPoint, or Microsoft Access; TIFF files or images, JPEG files or images, and HTML files or images; any data stored in personal data management programs such as Microsoft Outlook, for example, electronic calendars or appointment books, electronic access books, electronic notes and memoranda, and electronic to-do lists; Internet usage files; telephone logs; audio, video, and graphic files; and voicemails. The term "electronically stored information" shall be construed to include all available metadata associated with any electronically stored information. The term "electronically stored information" encompasses electronic information and data stored on or obtainable from any medium, including, but not limited to, computers, computer servers, magnetic or other back-up tapes, hard drives, Internet websites or webpages, laptops, cellular phones, smart phones/PDAs, iPads or other tablet computers, electronic reading devices (e.g., Kindles), hard drives, hard disks, floppy disks, flash drives, USB storage devices, CD-ROMs, zip drives, memory sticks or memory cards, computer chips, cloud storage, FTP storage, and any other type of physical, remote, or other storage.

8.      "Including" means "including but not limited to."

9.      "March 21, 2017 White House Visit" means the "visit" you allege making to the White House grounds in paragraph 22(a) of the Amended Complaint.

10.     "March 22, 2017 White House Visit" means the visit you made to the White House grounds to meet with former President Donald Trump on March 22, 2017.

11.     "Relate" and "relating to" are used in their broadest sense and include all matters embodying, containing, comprising, indicating, concerning, referring to, identifying, describing, discussing, involving, evidencing, or otherwise pertaining to the referenced subject.

12.     "The Washington Post" means WP Company LLC.

13.     "You" and "your" mean Devin G. Nunes and any other agents, attorneys,

representatives, employees, or anyone else acting on his behalf.

14.     "Your Campaign Staff" means current and former employees of the Devin Nunes Campaign Committee (FEC# C00370056) or any other campaign committee you control.

15.      "Your Congressional Office Staff" means current and former employees of your personal staff, including Jack Langer (referenced in paragraph 22(a) of the Amended Complaint). This includes, but is not limited to, all employees at each of your congressional offices (*see* https://nunes.house.gov/contact/offices.htm).

16.     "Your Intelligence Committee Staff" means current and former employees who reported to you or were hired by you as Chairman or Ranking Member of the House Permanent Select Committee on Intelligence.

17.     The terms "and" and "or" shall be construed either disjunctively or conjunctively, and the singular shall be deemed to include the plural and *vice versa*, as necessary to bring within the scope of the request any response that might otherwise be construed to be outside its scope.

## **<u>INSTRUCTIONS</u>**

1.     These interrogatories are to be answered by you based on information that is or may be available to you or any agent, attorney, representative, or employee acting on your behalf, and not merely information within your personal knowledge.

2.     Restate each interrogatory in your written response followed immediately by your response to each interrogatory.

3.     If, in responding to any of these interrogatories, you encounter any ambiguity in construing either the interrogatory or a definition or instruction relevant to it, set forth the matter deemed ambiguous and the construction selected or used in responding to the interrogatory.

4.     When the phrase "describe in detail" is used in these interrogatories, please supply a full description and narrative account of the event, transaction, relationship, thing, or

3998ae1017fbd4b4

occurrence inquired into, and include references to specific communications and documents and to the dates, places, and persons involved.

     5.     When the term "identify" is used in these interrogatories, supply the following information as the context requires:

          a.     when "identify" is used with respect to a natural person, state his or her full name, present or last known address and telephone number, and present or last known position or business affiliation;

          b.     when "identify" is used with respect to any other entity, state its full name, the address of its principal place of business, its state of incorporation or organization, and the names of its principals;

          c.     when "identify" is used with respect to a document, state the name or title of the document, the type of document (e.g., letter, memorandum, telegram, chart, etc.), its date, the persons to whom it was addressed or sent, and the persons who authored or sent the document; and

          d.     when "identify" is used with respect to any non-written communications, state the identity of the natural persons making and receiving the communication, their respective principals or employers at the time of the communication, the date, manner, and place of the communication, and the content of the communication.

     6.     If any interrogatory calls for the identification of any non-written communication or document claimed by you to be privileged, state for each non-written communication or document its date, type (*e.g.*, memorandum, letter, note, etc.), author, addressees, and a general summary of the subject matter and basis for the privilege claimed.

     7.     References to any natural person shall be deemed to include that natural person's

agents, attorneys, representatives, and employees.

8.      References to any non-natural person (*e.g.*, corporation, partnership, limited partnership, etc.) shall be deemed to include that entity's subsidiaries, affiliates, divisions, successors, and assigns, and its and their respective employees, agents, officers, directors, attorneys, representatives, and successors.

9.      These interrogatories are continuing in character and require further response if additional responsive information is obtained after the time of your initial response.

## INTERROGATORIES

## INTERROGATORY NO. 15

Identify all members of your Campaign Staff, your Congressional Office Staff, and your Intelligence Committee Staff during the time periods of March–April 2017 and November–December 2020.  For each staff member, state whether he or she had or has knowledge of any facts related to your allegations in this action, including, but not limited to: (1) your March 21, 2017 or March 22, 2017 White House Visits; (2) the documents you reviewed or discussed on such visits; (3) allegations of the Obama administration spying, surveilling, or wiretapping on former President Donald Trump, Trump Tower, or any members of the Trump campaign or Trump presidential transition team; (4) your public or private communications regarding such allegations; (5) your damages; (6) the Article; or (7) this lawsuit.  For each individual, briefly summarize the subject(s) of his or her knowledge.


## INTERROGATORY NO. 16

Identify all custodians who have relevant documents within your possession, custody or control (including, but not limited to, you, your Campaign Staff, your Congressional Office

Staff, and your Intelligence Committee Staff).  For each custodian, state (a) every repository ever used by that custodian to send, receive, or store relevant communications or documents; (b) the date range of documents retained by that custodian for each repository; (c) the subject matter of the relevant documents located in each repository; and (d) whether you have collected documents from the repository.

**INTERROGATORY NO. 17**

Identify all communications you, your Campaign Staff, your Congressional Office Staff, or your Intelligence Committee Staff ever had on March 21, 2017 or March 22, 2017, related to (1) your March 21, 2017 or March 22, 2017 White House Visits; (2) the documents or information you reviewed or discussed on such visits; or (3) allegations of the Obama administration spying, surveilling, or wiretapping on former President Donald Trump, Trump Tower, or any members of the Trump campaign or Trump presidential transition team.  For each communication, identify (a) the date and time of the communication; (b) the sender or speaker; (c) the recipient(s); (d) the method of communication (e.g., voice, email, phone, text message, Signal, etc.); (e) whether the communication was retained; and (f) if not, when it was deleted or not retained.  This list should include, but is not limited to, all communications coordinating the March 21, 2017 or March 22, 2017 White House Visits, and every person you communicated with regarding your Visits or the information you learned.

Dated: December 21, 2021

                                                 */s/ Thomas G. Hentoff*
Kevin T. Baine (D.C. Bar No. 238600)
Thomas G. Hentoff (D.C. Bar No. 438394)
Nicholas G. Gamse (D.C. Bar No. 1018297)
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
thentoff@wc.com

*Counsel for Defendants*

8

**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2021, I caused to be served a true and correct copy

of the foregoing Defendants' Second Set of Interrogatories via email to:


Richard S. Basile
6305 Ivy Lane, Suite 416
Greenbelt, MD 20770
Telephone: (301) 441-4900
rearsb@gmail.com

Steven S. Biss
300 West Main Street, Suite 102
Charlottesville, VA 22903
Telephone: (804) 501-8272
stevenbiss@earthlink.net

*Counsel for Plaintiff*


/s/ Thomas G. Hentoff
*Counsel for Defendants*