# EXHIBIT 16

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEVIN G. NUNES )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>)<br>WP COMPANY, LLC )<br>d/b/a The Washington Post )<br>    *et al* )<br>)<br>    Defendants. )<br>) | Case No. 1:21-cv-00506-CJN |

# PLAINTIFF'S OBJECTIONS, ANSWERS AND RESPONSES TO DEFENDANTS' FOURTH DISCOVERY REQUESTS

    Plaintiff, Devin G. Nunes ("Plaintiff"), by counsel, pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, the Federal Rules of Evidence ("FRE") and Local Civil Rules ("LCvR") 26.2 and 30.4, hereby notes and preserves the following Objections and serves the following Answers and Responses to defendants, WP Company, LLC d/b/a The Washington Post ("WaPo") and Ellen Nakashima ("Nakashima") (WaPo and Nakashima are collectively referred to as the "Defendants"), interrogatories and request for production of documents dated May 20, 2022 (the "Discovery Requests").

## General Objections

    1.    Plaintiff objects to the Discovery Requests on the ground and to the extent that the Discovery Requests exceed the scope of discovery permitted under Rules 26, 33 and 34 of the Federal Rules of Civil Procedure (the "Rules").

1

2. Plaintiff objects to the Discovery Requests on the ground and to the extent that the Discovery Requests seek the production and/or disclosure of information protected by one or more executive privileges, including, without limitation, the Presidential communications privilege and the law enforcement investigatory privilege.

3. Plaintiff objects to the Discovery Requests on the ground and to the extent that the Discovery Requests seek the production and/or disclosure of information protected by the legislative privilege and immunity doctrines as granted to members of Congress by the Speech and Debate Clause in Article I of the United States Constitution and federal law.

4. Plaintiff objects to the Discovery Requests on the ground and to the extent that the Discovery Requests seek the production and/or disclosure of information protected by the attorney-client privilege and/or work-product doctrines.  Subject to and without waiving the privilege as to any document, Plaintiff represents that the only information and documents being withheld are communications between Plaintiff and legal counsel in this action (Mr. Biss and Mr. Basile), documents prepared in anticipation of this litigation, and work-product of Plaintiff's legal counsel.  The privileged materials consist almost entirely of email communications between Plaintiff and his legal counsel and legal analysis of claims and defenses prepared by counsel.  Plaintiff does not intend to produce a privilege log as to these documents, unless requested to do so by counsel for Defendants.  Any other claim of privilege or protection of trial-preparation materials will be expressly made in accordance with Rule 26(b)(5).

5. Plaintiff objects to the Discovery Requests on the ground and to the extent that the Discovery Requests seek the production and/or disclosure of information protected by the marital/spousal privilege.

6. Plaintiff objects to the Discovery Requests on the ground and to the extent that the Discovery Requests seek the production and/or disclosure of confidential information and sensitive personal, business and/or financial information and material that is not generally known to the public and that is the subject of efforts by Plaintiff that are reasonable under the circumstances to maintain the confidentiality of such material. Plaintiff will produce all "CONFIDENTIAL" and/or "COUNSEL'S EYES ONLY" information in accordance with the terms and conditions of a stipulated Protective Order or as ordered by the Court or agreed to by the parties.

7. Plaintiff objects to the Discovery Requests on the ground and to the extent that the Discovery Requests seek to elicit inadmissible opinion evidence and/or hearsay or call for Plaintiff to speculate or are duplicative.

8. Plaintiff objects to the Discovery Requests on the ground and to the extent that the information requested is not in Plaintiff's possession or control, but is in the possession and control of others.

9. Plaintiff objects to the Discovery Requests (including the definitions and instructions that accompany the Discovery Requests) on the ground that the Discovery Requests are vague, confusing, argumentative, overly broad, unduly burdensome and not proportional to the needs of the case.

10. Plaintiff objects to the Discovery Requests to the extent that the Discovery Requests require Plaintiff to create documents for the Plaintiff or to take action not required by Rules 26, 33 and 34 of the Federal Rules of Civil Procedure.

**Answer to Fourth Interrogatories**

As to each and every interrogatory, Plaintiff notes and preserves the following objections: Relevance (FRE 402); Prejudice (FRE 403); Privilege (attorney-client and work-product) (FRE 501-502); Lack of Foundation/Knowledge (FRE 602); Inadmissible Opinion (FRE 701); Hearsay (FRE 802); and Authenticity (FRE 901).

Subject to the foregoing objections and to the scope and proportionality of the Discovery Requests, Plaintiff answers each numbered Interrogatory, including discrete subparts, as follows:

> **INTERROGATORY NO. 19**
>
> For each electronic device (including cell phones, smart phones, iPads or other tablets, laptops, and landlines) that you used to communicate (including via call, e-mail, text message, instant message, or voicemail) between March 1, 2017 and November 17, 2020, identify the make, model, dates of use, location where the device is currently located, and any associated phone number or wireless service provider relating to that device.

**ANSWER**: Objection – irrelevant and overbroad as to time period; exceeds the presumptive number of interrogatories, including discrete subparts, permitted by Rule 33(a) and LCvR 26.2(b).

> **INTERROGATORY NO. 20**
>
> For every staff member or potential witness disclosed by you in your supplemental response to Interrogatory No. 15 or in your Rule 26 disclosures, identify all known contact information, including email addresses, phone numbers, or private messaging accounts (such as, by way of example, accounts on WhatsApp, Signal, or Telegram).

6

**ANSWER**:	Objection – exceeds the presumptive number of interrogatories, including discrete subparts, permitted by Rule 33(a) and LCvR 26.2(b).

**Responses to Fourth Request for Production of Documents**

As to each and every document produced by Plaintiff in discovery, Plaintiff notes and preserves the following objections: Completeness (FRE 106); Relevance (FRE 402); Prejudice (FRE 403); Privilege (attorney-client and work-product); (FRE 501-502); Lack of Foundation/Knowledge (FRE 602); Inadmissible Opinion (FRE 701); Hearsay (FRE 802); and Authenticity (FRE 901).

Subject to the foregoing objections, Plaintiff will produce all responsive documents in his possession and control as follows:

> **REQUEST NO. 50**
>
> Documents sufficient to show your itinerary and activities for every day in March 2017. This should include, but is not limited to, a copy of your daily "agenda." *See, e.g.*, PX0009–0010 ("Agenda.pdf" document reflecting one-page agendas for March 21 and March 22, 2017).

**RESPONSE**: I no longer have access to any documents that would show my itinerary and activities for every day in March 2017, including any agendas, if there ever were any such document(s), and, therefore, I have nothing to produce.

> **REQUEST NO. 51**
>
> Documents and communications relating to any reservation made by you, a member of your Staff, or an Executive Office of the President (EOP) employee of a Secure Compartmented Information Facility (SCIF) on the White House Grounds in March 2017.

**RESPONSE**: I have no documents.

> **REQUEST NO. 52**
>
> Documents sufficient to identify contact information for you and for every member of your Staff in use during the month of March 2017 and during the month of November 2020, such as office telephone directories or contact lists.

**RESPONSE**: I produced a copy of the HPSCI staff list, House payroll certification, and emails sent and received by Jack Langer and other staff members. Those documents identify contact information in use during the months of March 2017 and (for those staff members who were still with me) November 2020. I have no office telephone directories or contact lists, and do not know if any existed apart from what I have identified. Jack Langer's email was Jack.Langer@mail.house.gov. Mr. Langer's telephone was 202-380-7764. He recently had to turn in his House phone, and no longer has access to it or any contact lists that may have been on the phone.

> **REQUEST NO. 53**
>
> All phone bills or statements reflecting a record of your calls and text messages during the month of March 2017 and during the month of November 2020.

**RESPONSE**: I have no documents.

### Reservation of Rights

Plaintiff reserves the right to amend and/or supplement his Objections and Responses to Defendants' Fourth Discovery Requests.

DATED: June 20, 2022

8

DEVIN G. NUNES


By: <u>*/s/ Steven S. Biss*</u>
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone:   (804) 501-8272
Facsimile:   (202) 318-4098
Email:       stevenbiss@earthlink.net
(*Admitted Pro Hac Vice*)

Richard S. Basile
(D.C. Bar No. 374069)
6305 Ivy Lane, Suite 416
Greenbelt, MD 20770
Telephone:   301-441-4900
Facsimile:   301-441-2404
Email:       rearsb@gmail.com

*Counsel for the Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2022 a copy of the foregoing was served electronically in PDF upon counsel for the Defendants.

By: */s/ Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
Email: stevenbiss@earthlink.net
(*Admitted Pro Hac Vice*)

Richard S. Basile
(D.C. Bar No. 374069)
6305 Ivy Lane, Suite 416
Greenbelt, MD 20770
Telephone: 301-441-4900
Facsimile: 301-441-2404
Email: rearsb@gmail.com

*Counsel for the Plaintiff*