# EXHIBIT 20

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DEVIN G. NUNES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-00506-CJN |
| | ) | |
| | ) | |
| WP COMPANY, LLC | ) | |
| d/b/a The Washington Post | ) | |
| *et al* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# PLAINTIFF'S OBJECTIONS, ANSWERS AND RESPONSES TO DEFENDANTS' THIRD DISCOVERY REQUESTS

Plaintiff, Devin G. Nunes ("Plaintiff"), by counsel, pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, the Federal Rules of Evidence ("FRE") and Local Civil Rule ("LCvR") 30.4, hereby notes and preserves the following Objections and serves the following Answers and Responses to defendants, WP Company, LLC d/b/a The Washington Post ("WaPo") and Ellen Nakashima ("Nakashima") (WaPo and Nakashima are collectively referred to as the "Defendants"), interrogatories and request for production of documents dated March 2, 2022 (the "Discovery Requests").

## General Objections

1. Plaintiff objects to the Discovery Requests on the ground and to the extent that the Discovery Requests exceed the scope of discovery permitted under Rules 26, 33 and 34 of the Federal Rules of Civil Procedure (the "Rules").

2.      Plaintiff objects to the Discovery Requests on the ground and to the extent that the Discovery Requests seek the production and/or disclosure of information protected by one or more executive privileges, including, without limitation, the Presidential communications privilege and the law enforcement investigatory privilege.

3.      Plaintiff objects to the Discovery Requests on the ground and to the extent that the Discovery Requests seek the production and/or disclosure of information protected by the legislative privilege and immunity doctrines as granted to members of Congress by the Speech and Debate Clause in Article I of the United States Constitution and federal law.

4.      Plaintiff objects to the Discovery Requests on the ground and to the extent that the Discovery Requests seek the production and/or disclosure of information protected by the attorney-client privilege and/or work-product doctrines.  Subject to and without waiving the privilege as to any document, Plaintiff represents that the only information and documents being withheld are communications between Plaintiff and legal counsel in this action (Mr. Biss and Mr. Basile), documents prepared in anticipation of this litigation, and work-product of Plaintiff's legal counsel.  The privileged materials consist almost entirely of email communications between Plaintiff and his legal counsel and legal analysis of claims and defenses prepared by counsel.  Plaintiff does not intend to produce a privilege log as to these documents, unless requested to do so by counsel for Defendants.  Any other claim of privilege or protection of trial-preparation materials will be expressly made in accordance with Rule 26(b)(5).

5.      Plaintiff objects to the Discovery Requests on the ground and to the extent that the Discovery Requests seek the production and/or disclosure of information protected by the marital/spousal privilege.

6.      Plaintiff objects to the Discovery Requests on the ground and to the extent that the Discovery Requests seek the production and/or disclosure of confidential information and sensitive personal, business and/or financial information and material that is not generally known to the public and that is the subject of efforts by Plaintiff that are reasonable under the circumstances to maintain the confidentiality of such material. Plaintiff will produce all "CONFIDENTIAL" and/or "COUNSEL'S EYES ONLY" information in accordance with the terms and conditions of a stipulated Protective Order or as ordered by the Court or agreed to by the parties.

7.      Plaintiff objects to the Discovery Requests on the ground and to the extent that the Discovery Requests seek to elicit inadmissible opinion evidence and/or hearsay or call for Plaintiff to speculate or are duplicative.

8.      Plaintiff objects to the Discovery Requests on the ground and to the extent that the information requested is not in Plaintiff's possession or control, but is in the possession and control of others.

9.      Plaintiff objects to the Discovery Requests (including the definitions and instructions that accompany the Discovery Requests) on the ground that the Discovery Requests are vague, confusing, argumentative, overly broad, unduly burdensome and not proportional to the needs of the case.

10.     Plaintiff objects to the Discovery Requests to the extent that the Discovery Requests require Plaintiff to create documents for the Plaintiff or to take action not required by Rules 26, 33 and 34 of the Federal Rules of Civil Procedure.

## <u>Answer to Third Interrogatory</u>

As to each and every interrogatory, Plaintiff notes and preserves the following objections: Relevance (FRE 402); Prejudice (FRE 403); Privilege (attorney-client and work-product) (FRE 501-502); Lack of Foundation/Knowledge (FRE 602); Inadmissible Opinion (FRE 701); Hearsay (FRE 802); and Authenticity (FRE 901).

Subject to the foregoing objections and to the scope and proportionality of the Discovery Requests, Plaintiff answers each numbered Interrogatory, including discrete subparts, as follows:

---

**<u>INTERROGATORY NO. 18</u>**

For each set of Plaintiff's responses to Defendants' Interrogatories and Requests for Production of Documents (e.g., Plaintiff's November 24, 2021 Responses and Objections to the Post's First Discovery Requests; Plaintiff's December 22, 2021 Supplemental Answers and Responses to Defendants' First Discovery Requests; Plaintiff's January 20, 2022 Objections and Responses to Defendants' Second Discovery Requests; Plaintiff's February 23, 2022 Supplemental Answers and Responses to Defendants' Second Discovery Requests, etc.), identify each individual who answered, assisted in answering, or was consulted in the course of preparing that set of responses to Interrogatories or Requests for Production of Documents before it was served.

---

**<u>ANSWER</u>**:          Objection – Attorney-client privilege.

Subject to the foregoing objection, I answered all discovery requests. The only person I communicated with in preparing the documents, aside from my attorney, was Jack Langer. I asked Mr. Langer to provide me with his communications with the media on the topics relevant to the Defendants' discovery requests. Those communications are identified in my answers and have been provided to the Defendants.

**<u>Responses to Third Request for Production of Documents</u>**

As to each and every document produced by Plaintiff in discovery, Plaintiff notes and preserves the following objections: Completeness (FRE 106); Relevance (FRE 402); Prejudice (FRE 403); Privilege (attorney-client and work-product); (FRE 501-502); Lack of Foundation/Knowledge (FRE 602); Inadmissible Opinion (FRE 701); Hearsay (FRE 802); and Authenticity (FRE 901).

Subject to the foregoing objections, Plaintiff will produce all responsive documents in his possession and control as follows:

---

**<u>REQUEST NO. 42</u>**

Documents sufficient to show all means by which you communicated with your Congressional Office Staff, your Intelligence Committee Staff, or former President Donald Trump or employees of the Executive Office of the President between March 4, 2017 and April 6, 2017 (e.g., meetings, telephone calls, emails, text messages, private messaging applications such as WhatsApp or Signal, social media platforms).

---

**RESPONSE**:          I have no documents.

---

**<u>REQUEST NO. 43</u>**

Documents sufficient to show all phone calls you made or received on any phone or device on March 21, 2017 and March 22, 2017.

---

**RESPONSE**:          I have no documents.

**REQUEST NO. 44**

All documents related to your attendance at a National Building Museum reception on March 21, 2017, *see* Pl.'s Resp. to Interrog. 1 ("I arrived at the White House grounds in the late afternoon, departed approximately 90 minutes later, and went to a reception at the National Building Museum in Washington, D.C."), including any related correspondence, invitation, ticket, confirmation email, receipt for transportation, guest list, agenda, promotional materials, or photographs from the event.

**RESPONSE**:        See agenda attached.  I have no other documents.

**REQUEST NO. 45**

All documents related to drafts of the public statements you made on March 20, 2017 and on March 22, 2017, including communications about the drafts and copies of the drafts.

**RESPONSE**:        I have no documents.

**REQUEST NO. 46**

All documents reflecting if and when you or your Congressional Office Staff read the Article.

**RESPONSE**:        I have no documents.

**REQUEST NO. 47**

All documents you received in response to your requests for information from any third party in connection with this dispute, including the Clerk of the House of Representatives. *See* Pl.'s Supp. Resp. to Interrog. 16 ("I collected the documents from my office and from publicly available sources, such as the Clerk of the House of Representatives.").

**RESPONSE**:        I have no documents.

**REQUEST NO. 48**

All documents from you or your Congressional Office Staff, including Kathryn Hopper and Jennifer Morrow, relating to your transportation receipts or expenses for travel on March 21, 2017, including your office's disbursement to payee Ms. Hopper for an official expense titled "TAXI/PARKING/TOLLS" (Voucher No. E0508554) for service on March 21, 2017, and your office's disbursement to payee Ms. Morrow for official expenses titled "COMMERCIAL TRANSPORTATION" and "TAXI/PARKING/TOLLS" (Voucher No. E0508653) for services on March 20, 2017 through March 22, 2017.

**RESPONSE**:        I have no documents.

**REQUEST NO. 49**

All documents from you or your Congressional Office Staff, including Jennifer Morrow, relating to your appointments, calendar, or schedule for March 20, 2017 through March 22, 2017.

**RESPONSE**:        See agenda attached.  I have no other documents.

<u>**Reservation of Rights**</u>

Plaintiff reserves the right to amend and/or supplement his Objections and Responses to Defendants' Third Discovery Requests.

DATED:        April 3, 2022

                    DEVIN G. NUNES

                    By:  */s/ Steven S. Biss*
                              Steven S. Biss (VSB # 32972)
                              300 West Main Street, Suite 102
                              Charlottesville, Virginia 22903
                              Telephone:     (804) 501-8272
                              Facsimile:     (202) 318-4098
                              Email:         stevenbiss@earthlink.net
                              (*Admitted Pro Hac Vice*)

                              Richard S. Basile
                              (D.C. Bar No. 374069)
                              6305 Ivy Lane, Suite 416
                              Greenbelt, MD 20770
                              Telephone:     301-441-4900
                              Facsimile:     301-441-2404
                              Email:         rearsb@gmail.com

                              *Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2022 a copy of the foregoing was served electronically in PDF upon counsel for the Defendants.

By: /s/ *Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone:    (804) 501-8272
Facsimile:    (202) 318-4098
Email:        stevenbiss@earthlink.net
(*Admitted Pro Hac Vice*)

Richard S. Basile
(D.C. Bar No. 374069)
6305 Ivy Lane, Suite 416
Greenbelt, MD 20770
Telephone:    301-441-4900
Facsimile:    301-441-2404
Email:        rearsb@gmail.com

*Counsel for the Plaintiff*