# EXHIBIT 21

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEVIN G. NUNES )
)
    Plaintiff, )
)
v. )      Case No. 1:21-cv-00506-CJN
)
)
WP COMPANY, LLC )
d/b/a The Washington Post )
    *et al* )
)
    Defendants. )
———————————————————)

# PLAINTIFF'S OBJECTIONS, ANSWERS AND RESPONSES TO DEFENDANTS' FIFTH DISCOVERY REQUESTS

    Plaintiff, Devin G. Nunes ("Plaintiff"), by counsel, pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, the Federal Rules of Evidence ("FRE") and Local Civil Rules ("LCvR") 26.2 and 30.4, hereby notes and preserves the following Objections and serves the following Answers and Responses to defendants, WP Company, LLC d/b/a The Washington Post ("WaPo") and Ellen Nakashima ("Nakashima") (WaPo and Nakashima are collectively referred to as the "Defendants"), interrogatories and request for production of documents dated September 20, 2022 (the "Discovery Requests").

## General Objections

    1.    Plaintiff objects to the Discovery Requests on the ground and to the extent that the Discovery Requests exceed the scope of discovery permitted under Rules 26, 33 and 34 of the Federal Rules of Civil Procedure (the "Rules").

2.      Plaintiff objects to the Discovery Requests on the ground and to the extent that the Discovery Requests seek the production and/or disclosure of information protected by one or more executive privileges, including, without limitation, the Presidential communications privilege and the law enforcement investigatory privilege.

3.      Plaintiff objects to the Discovery Requests on the ground and to the extent that the Discovery Requests seek the production and/or disclosure of information protected by the legislative privilege and immunity doctrines as granted to members of Congress by the Speech and Debate Clause in Article I of the United States Constitution and federal law.

4.      Plaintiff objects to the Discovery Requests on the ground and to the extent that the Discovery Requests seek the production and/or disclosure of information protected by the attorney-client privilege and/or work-product doctrines.  Subject to and without waiving the privilege as to any document, Plaintiff represents that the only information and documents being withheld are communications between Plaintiff and legal counsel in this action (Mr. Biss and Mr. Basile), documents prepared in anticipation of this litigation, and work-product of Plaintiff's legal counsel.  The privileged materials consist entirely of email communications between Plaintiff and his legal counsel and legal analysis of claims and defenses prepared by counsel.  Plaintiff does not intend to produce a privilege log as to these documents.  Any other claim of privilege or protection of trial-preparation materials will be expressly made in accordance with Rule 26(b)(5).

5.      Plaintiff objects to the Discovery Requests on the ground and to the extent that the Discovery Requests seek the production and/or disclosure of information protected by the marital/spousal privilege.

6.     Plaintiff objects to the Discovery Requests on the ground and to the extent that the Discovery Requests seek the production and/or disclosure of confidential information and sensitive personal, business and/or financial information and material that is not generally known to the public and that is the subject of efforts by Plaintiff that are reasonable under the circumstances to maintain the confidentiality of such material. Plaintiff will produce all "CONFIDENTIAL" and/or "COUNSEL'S EYES ONLY" information in accordance with the terms and conditions of the Protective Order entered in this action and in *Nunes v. Lizza*, Case 5:19-cv-4064 (ECF No. 82) or as ordered by the Court or agreed to by the parties.

7.     Plaintiff objects to the Discovery Requests on the ground and to the extent that the Discovery Requests seek to elicit inadmissible opinion evidence and/or hearsay or call for Plaintiff to speculate or are duplicative.

8.     Plaintiff objects to the Discovery Requests on the ground and to the extent that the information requested is not in Plaintiff's possession or control, but is in the possession and control of others.

9.     Plaintiff objects to the Discovery Requests (including the definitions and instructions that accompany the Discovery Requests) on the ground that the Discovery Requests are vague, confusing, argumentative, overly broad, unduly burdensome and not proportional to the needs of the case.

10.     Plaintiff objects to the Discovery Requests to the extent that the Discovery Requests require Plaintiff to create documents for the Plaintiff or to take action not required by Rules 26, 33 and 34 of the Federal Rules of Civil Procedure.

## Responses to Fifth Request for Production of Documents

As to each and every document produced by Plaintiff in discovery, Plaintiff notes and preserves the following objections: Completeness (FRE 106); Relevance (FRE 402); Prejudice (FRE 403); Privilege (attorney-client and work-product); (FRE 501-502); Lack of Foundation/Knowledge (FRE 602); Inadmissible Opinion (FRE 701); Hearsay (FRE 802); and Authenticity (FRE 901).

Subject to the foregoing objections, Plaintiff will produce all responsive documents in his possession and control as follows:

---

**REQUEST NO. 54**

Any answers you have given to interrogatories in any defamation action in which you are the plaintiff, including the civil action captioned *Nunes v. Lizza*, 5:19-cv-04064-CJW (N.D. Iowa), that concern a) your reputation, b) harm to your reputation, or c) damages.

---

**RESPONSE**:   All answers given to interrogatories and all Rule 26(a)(1)(iii) disclosures, including those given in *Nunes v. Lizza*, are attached and incorporated herein by reference.  This discovery response supplements in part Plaintiff's Rule 26(a)(1)(i) and (iii) disclosures in accordance with Rule 26(e).

---

**REQUEST NO. 55**

Any transcripts of or exhibits to any deposition or testimony of you that concern a) your reputation, b) harm to your reputation, or c) damages and that was given in any defamation action in which you are a plaintiff or witness, including the civil action captioned *Nunes v. Lizza*, 5:19-cv-04064-CJW (N.D. Iowa).

---

**RESPONSE**:        Transcripts of Plaintiff's depositions in *Nunes v. Lizza* may be obtained by contacting Legal Media Experts, the court reporter who transcribed the depositions, and purchasing a copy of the transcripts.  Depositions exhibits introduced by counsel for Hearst and Lizza are attached and incorporated herein by reference.  This discovery response supplements in part Plaintiff's Rule 26(a)(1)(i) and (iii) disclosures in accordance with Rule 26(e).

---

**REQUEST NO. 56**

All documents you have produced in any defamation action relating to your reputation, including documents relating to any alleged harm to your reputation or to any computation of damages.

---

**RESPONSE**:        All documents in Plaintiff's possession and control, including documents produced in *Nunes v. Lizza*, are attached and incorporated by reference.  *See also*:

https://twitter.com/search?q=https%3A%2F%2Ftwitter.com%2FRyanLizza%2Fstatus%2F1197322014572371969&src=typed_query;

https://twitter.com/washingtonpost/status/1325987811720310787;

https://twitter.com/search?q=https%3A%2F%2Ftwitter.com%2Fwashingtonpost%2Fstatus%2F1325987811720310787&src=typed_query;

https://twitter.com/nakashimae/status/1325967147940503552;

https://twitter.com/search?q=https%3A%2F%2Ftwitter.com%2Fnakashimae%2Fstatus%2F1325967147940503552&src=typed_query;

https://twitter.com/RiegerReport/status/1325943335920558080;

https://twitter.com/ValerieBrysK/status/1329244703565500417;

https://twitter.com/Bruno_J_Navarro/status/1326216109759074305;

https://twitter.com/radleybalko/status/1326151684406521857;

https://twitter.com/RiegerReport/status/1325943335920558080;

https://twitter.com/NoahBookbinder/status/1326250776335880206;

https://twitter.com/Susan_Hennessey/status/1325950542661767168;

https://twitter.com/acoyne/status/1326157568335630337;

https://twitter.com/dnvolz/status/1325935811771166726;

https://twitter.com/kentbrew/status/1326010591543058432;

https://twitter.com/kait_au_lait/status/1325937040354144256;

https://twitter.com/peterwsinger/status/1326229636842315776;

https://twitter.com/KenDilanianNBC/status/1326010468725624833;

https://twitter.com/JonHutson/status/1325991932699488261;

https://twitter.com/shanvav/status/1325998561717346304;

https://twitter.com/davetroy/status/1327991064691691520;

https://twitter.com/mvhaydencenter/status/1326213745928966144;

https://www.lawfareblog.com/how-did-trump-loyalist-come-be-named-nsa-general-counsel-and-what-should-biden-do-about-it;

https://www.rawstory.com/2020/11/white-house-pressured-pentagon-to-appoint-notorious-ex-devin-nunes-aide-as-top-lawyer-at-the-nsa-report/;

https://www.politico.com/newsletters/playbook/2020/11/10/the-last-gasp-of-trumpism-490857;

https://twitter.com/DR_Fred_Davies/status/1293851003708637185;

https://www.latimes.com/nation/politics/la-na-pol-us-russia-20170316-story.html;

https://thefederalist.com/2020/11/10/the-washington-post-lies-about-devin-nunes-again/.

---

**REQUEST NO. 57**

All documents, transcripts, and exhibits produced or ordered to be produced by you or by TMTG in *Lizza v. Trump Media & Technology Group Corp.*, 9:22-mc-81070 (S.D. Fla.), including specifically documents related to your hiring.

---

**RESPONSE**:         All documents produced by TMTG are attached.

---

**REQUEST NO. 58**

All documents related to the value or projected value of your Equity Incentive Plan with TMTG.  *See* TMTG Executive Employment Agreement (CEO), PX 1617-18.  This includes, but is not limited to all documents concerning the value of shares in TMTG, including any communications with you about that value before you accepted your position with the company.

---

**RESPONSE**:         Plaintiff has no documents.

---

**REQUEST NO. 59**

Any state or federal income tax return you have filed from the 2017 tax year to present.

---

**RESPONSE**:         Attached and incorporated herein by reference.

---

## Reservation of Rights

Plaintiff reserves the right to amend and/or supplement his Objections and Responses to Defendants' Fifth Discovery Requests.

7

DATED:        October 20, 2022

DEVIN G. NUNES

By:___ */s/ Steven S. Biss*_____
            Steven S. Biss (VSB # 32972)
            300 West Main Street, Suite 102
            Charlottesville, Virginia 22903
            Telephone:     (804) 501-8272
            Facsimile:      (202) 318-4098
            Email:           stevenbiss@earthlink.net
            (*Admitted Pro Hac Vice*)

            Richard S. Basile
            (D.C. Bar No. 374069)
            6305 Ivy Lane, Suite 416
            Greenbelt, MD 20770
            Telephone:     301-441-4900
            Facsimile:      301-441-2404
            Email:           rearsb@gmail.com

            *Counsel for the Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 20, 2022 a copy of the foregoing was served electronically in PDF upon counsel for the Defendants.

By:   */s/ Steven S. Biss*
        Steven S. Biss (VSB # 32972)
        300 West Main Street, Suite 102
        Charlottesville, Virginia 22903
        Telephone:   (804) 501-8272
        Facsimile:   (202) 318-4098
        Email:      stevenbiss@earthlink.net
        (*Admitted Pro Hac Vice*)

        Richard S. Basile
        (D.C. Bar No. 374069)
        6305 Ivy Lane, Suite 416
        Greenbelt, MD 20770
        Telephone:   301-441-4900
        Facsimile:   301-441-2404
        Email:      rearsb@gmail.com

        *Counsel for the Plaintiff*